**William E. FORTUNE et al.,**
**Plaintiffs-Appellants,**

v.

**Joseph P. MULHERRIN et al.,**
**Defendants-Appellees.**

**Joseph A. COURNOYER et al.,**
**Plaintiffs-Appellants,**

v.

**TOWN OF LINCOLN,**
**Defendant-Appellee.**

Nos. 75–1491, 75–1079.

United States Court of Appeals,
First Circuit.

Argued March 2, 1976.
Decided April 9, 1976.

---

**22**

William E. Fortune, pro se, in case no. 75–1491.

Silas Little, III, Manchester, N. H., with whom Devine, Millimet, Stahl & Branch, Manchester, N. H., was on brief for the Estate of George R. Grant, Jr., appellee.

Peter J. Saari and R. Laurence Cullen, Hampton, N. H., on brief for Joseph P. Mulherrin and Mary L. Fortune, appellees.

David H. Souter, Atty. Gen., and Richard B. McNamara, Atty., Concord, N. H., on brief for Leonard C. Hardwick, Jr., appellee.

Robert D. Powell, Washington, D. C., with whom Domenic A. Mosca, North Kingstown, was on brief, for appellants in No. 75–1079.

Edward W. Moses, Providence, for appellees in No. 75–1079.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

■ These two cases, arising in different courts, and with very different facts, have one aspect in common, the mistaken belief that by some form of action or other the federal courts are the ultimate resolvers of all wrongs. This belief persists regardless of the number of times it is said that the state courts are competent to decide federal questions, including constitutional questions. E. g., Robb v. Connolly, 1884, 111 U.S. 624, 637, 4 S.Ct. 544, 551, 28 L.Ed. 542, 546; Grubb v. Public Utilities Comm'n, 1930, 281 U.S. 470, 475–76, 50 S.Ct. 374, 376–77, 74 L.Ed. 972, 977; Lovely v. Laliberte, 1 Cir., 1974, 498 F.2d 1261, 1263, cert. denied, 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316. The federal courts do not review state court civil proceedings under the guise of the Civil Rights Act. We must repeat what we said in P I Enterprises, Inc. v. Cataldo, 1 Cir., 1972, 457 F.2d 1012, at 1015,

> "A complaint under the Civil Rights Act does not provide the springboard for an unhappy state litigant to raise his federal claims de novo in federal court."

■ Appellant Fortune makes out no case by claiming that the New Hampshire courts applied an unconstitutional standard in awarding custody of his child to its mother. Fortune has been heard in the state court, and the allegation that an unconstitutional result has been reached "does not vest the [federal courts] with jurisdiction to review the state proceedings" collaterally. Atchley v. Greenhill, (S.D.Tex.), 1974, 373 F.Supp. 512, 514, aff'd per curiam, 5 Cir., 1975, 517 F.2d 692, cert. denied (2/23/76) 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320; cf. Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. His claims for damages are barred by judicial immunity, Pierson v. Ray, 1967, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288, 294 or otherwise lack merit.

■ Plaintiffs-appellants Cournoyer fare no better. According to their complaint, defendant Town of Lincoln, Rhode Island, in 1948 enacted a zoning ordinance under which plaintiffs' present auto junk yard business is unlawful but for alleged prior use. In 1957 defendant brought an action in the state court to abate plaintiffs' activities. No evidence was offered in the hearing which followed, and in 1958 a consent decree was entered in favor of the town.

In their present complaint plaintiffs allege that their counsel's consent to the Rhode Island decree was without their knowledge or authority, and that in fact they had a complete defense. Since then various contempt and other proceedings have taken place in Rhode Island, but the decree has not been overturned. They now challenge its validity, and seek a declaration that they are entitled to a full hearing on the merits.

Plaintiffs have been described as "intransigent" by the Rhode Island Court, *Town of Lincoln v. Cournoyer,* 110 R.I. 101, 104, 290 A.2d 600, 602 (1972), a description well warranted by the present proceedings. The contention that counsel's consent to the 1958 decree was unauthorized, as distinguished from the decree's being wrong on the merits, has never been sought to be raised until now. This fact not only appears from our examination of several Rhode Island opinions, *see, e. g., Town of Lincoln v. Cournoyer,* ante, 110 R.I. at 103, 290 A.2d at 601, but plaintiffs' complaint indicates as much. It would seem far too late for plaintiffs to attack the decree now in the state court. In any event, the thought that they could do so here is inconceivable. *Angel v. Bullington,* ante.

The history of the *Cournoyer* litigation indicates that plaintiffs' appeal, if not taken in bad faith, is at the least frivolous. Plaintiffs cite no case that even plausibly supports federal jurisdiction. In 75–1491 the judgment of the district court is affirmed. In 75–1079 it is affirmed with double costs.