Deborah HAMRICK et al., Plaintiffs,

v.

ASHLAND FINANCE COMPANY OF WEST VIRGINIA, a corporation, and Ray McFarlin, Individually and in his official capacity as Constable of Logan County, Defendants.

Civ. A. No. 74–12–H.

United States District Court, S. D. West Virginia.

Oct. 26, 1976.

Daniel F. Hedges, Charleston, W. Va., George R. Higinbotham, Fairmont, W. Va., for plaintiffs.

Oval D. Damron, Logan, W. Va., for defendants.

## MEMORANDUM ORDER

HADEN, District Judge.

Plaintiffs Deborah Hamrick and Victoria Watts, entered into a consumer credit transaction with the Defendant Ashland Finance Company of West Virginia (hereinafter referred to as Finance Company) with certain items of household property named as collateral.[1] Subsequently, the Finance Company instituted detinue proceedings before a justice of the peace in order to have the alleged collateral seized. The justice issued an order of seizure directed to the

Defendant Constable Ray McFarlin, who accompanied by two employees of the Finance Company, proceeded to the Hamrick home where they broke in and removed certain items. Inexplicably, these items were abandoned and left on the front porch exposed to the February weather. The order issued by the justice of the peace, and under which the seizure was ostensibly accomplished, was not directed to the Hamrick home, but rather to the home of the co-maker of the note, Plaintiff Watts.

W.Va.Code, 1931, 55–6–1, as amended, provides, in pertinent part:

"If the plaintiff in an action of detinue shall desire to have immediate possession of the property for the recovery of which such action is brought, he may . . . at any time . . . before judgment, file with the clerk of the court . . . or . . . with the justice . . . an affidavit stating the kind, quantity, and value of the property claimed by the plaintiff in such action, and that the affiant verily believes the plaintiff is entitled to recover the same therein."

This affidavit must be accompanied by a bond in a penalty at least twice the value of the property sought. Upon the filing of the affidavit and bond, W.Va.Code, 1931, 55–6–2, requires that the clerk or justice "shall" indorse upon the summons or issue an order requiring an officer to seize the property. It then becomes the nondiscretionary duty of the sheriff to seize the property, *Young v. Edwards,* 64 W.Va. 67, 60 S.E. 992 (1908), and he "may, if necessary, break open and enter any house or other inclosure in which such property may be, in order to seize the same." W.Va.Code, 1931, 55–6–3. The seizing officer then holds the property for a period of three days, during which the person from whom the property was seized may have it returned by executing a bond to the plaintiff for double the value of the property. W.Va.Code, 1931, 55–6–4. After three days, the only hearing provided for by

---

1. There is conflict as to what was actually agreed to as collateral as well as to whether there was compliance with the Truth-in-Lend-

ing Act, 15 U.S.C. § 1601, *et seq.* However, for the purposes of partial summary judgment, these issues are not before the Court.

statute is one to test the sufficiency of the surety on the bond. W.Va.Code, 1931, 55–6–5.

Under the requirements of due process outlined in the *Fuentes-Mitchell-Di-Chem* trilogy,[2] it is clear that the West Virginia detinue statute is constitutionally deficient. In *Fuentes* the Supreme Court invalidated on due process grounds the Florida and Pennsylvania prejudgment replevin statutes. Due to its similarity to the statute in question in this case, the Court's treatment of the Florida statute is especially noteworthy. The Florida statute, Fla.Stat.Ann. §§ 78.01, *et seq.*, (Supp.1972–73), permitted a person to obtain a writ of replevin upon the bare conclusory assertion that he is entitled to the writ, and upon the filing of a bond in at least double the value of the property. The writ was then issued by the court clerk commanding the officer to seize the goods, and, if necessary, to enter into any dwelling house, building, or enclosure. No prior notice or hearing was provided. After the seizure the defendant had a period of three days during which he could reclaim possession by posting a bond double the value of the property. At the end of the three day period, the plaintiff was given possession of the property pending final judgment in the underlying action. See *Fuentes, supra*, 407 U.S. at 74–75, 92 S.Ct. 1983. This statute was declared unconstitutional because it provided no notice or hearing on the issue of entitlement to possession before a neutral official. The Court also held that the provision under which the defendant could regain possession by posting a bond within three days did nothing to remedy the fact of a prior deprivation without due process. *Id.* at 84–85, 92 S.Ct. 1983. Therefore, under the holding of the *Fuentes* decision, the West Virginia statute is patently unconstitutional.

The Supreme Court in *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), however, seemed to retreat from its ruling in *Fuentes,* by holding that a prejudgment seizure without prior notice and hearing was valid when accompanied by certain other procedural safeguards. The *Mitchell* Court considered crucial the following facts, which were absent in *Fuentes:* that a writ could issue (1) only upon a judge's authorization, and (2) only after the creditor seeking the writ had presented an affidavit setting forth the grounds for entitlement and the specific facts in support thereof. It is to be noted that these protections upon which the *Mitchell* Court relied in distinguishing *Fuentes* are not present in the West Virginia Detinue Statute.

For a time it appeared that *Mitchell* overruled *Fuentes, see* 416 U.S. 635, 94 S.Ct. 1895 (Stewart, J., dissenting), and reflected the philosophy of a "new" majority.[3] However, in *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), the Court reinstated the thrust of *Fuentes* by holding unconstitutional a Georgia garnishment statute. The Georgia Statute in question, which only required a conclusory affidavit to be presented to a court clerk and which provided no opportunity for an early hearing to determine whether probable cause existed for the garnishment, was found to be totally devoid of the saving characteristics contained in the statute in *Mitchell.* Likewise, W.Va.Code, 1931, 55–6–1, *et seq.,* as amended, lacks these necessary safeguards.

The Plaintiffs also contend that this statute violates the Fourth Amendment as applied to the states through the Fourteenth Amendment of the Constitution. This contention is based: (1) on the fact that, upon the filing of a conclusory affidavit, a court

---

**2.** *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); and *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

**3.** *Fuentes* was a 4–3 decision: Justices Stewart, Douglas, Brennan and Marshall in the majority; Chief Justice Burger and Justices White and Blackmun dissenting; Justices Powell and Rehnquist taking no part. In *Mitchell,* Justices Powell and Rehnquist joined with the three *Fuentes* dissenters to form a majority, while the *Fuentes* majority all dissented.

clerk or justice has no discretion but *must* issue a writ compelling an officer of the state to break in and seize items; and (2) that the writ authorizes the officer to break into any place where the property may be found.

It is clear, since the earliest part of our common law history, that the Fourth Amendment is applicable to all invasions of an individual's person, effects, and home, whether it be denominated civil or criminal. *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *Entick v. Carrington & Three Other King's Messengers,* 19 How.St.Tr. 1029 (1765). As the United States Supreme Court proclaimed in *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), it would be "anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior." *Id.* at 530, 87 S.Ct. at 1732. Other district courts have held the Fourth Amendment to be specifically applicable to pre-judgment seizure statutes. *Laprease v. Raymours Furniture Co.,* 315 F.Supp. 716 (N.D.N.Y.1970); *Miloszewski v. Sears Roebuck & Co.,* 346 F.Supp. 119 (S.D.Mich. 1972). As was stated in *Laprease:*

> The argument that the Fourth Amendment does not apply, is supported by neither good sense nor law. If the Sheriff cannot invade the privacy of a home without a warrant when the state interest is to prevent crime, he should not be able to do so to retrieve a stove or refrigerator about which the right to possession is disputed. *Id.* at 722.

Courts thus recognize that "even the most law-abiding citizen has a very tangible interest in limiting the circumstances under which the sanctity of his home may be broken by official authority." *Camara, supra,* 387 U.S. at 530–31, 87 S.Ct. at 1732.

Since the applicability of the Fourth Amendment is clear, a showing of "probable cause" is a prerequisite to a seizure. *Camara* mandates that in applying "this standard, it is . . . necessary . . . to focus upon the governmental interest which allegedly justifies official intrusion upon the constitutionally protected interests of the private citizen." *Id.* at 534–35, 87 S.Ct. at 1734. There is only a limited governmental interest in the security of the plaintiff's private property. But at a minimum, a meaningful showing would include specific facts relative to how the obligation under which the plaintiff claims a right to possession arose, the failures of the defendant in regard to this obligation, and a showing of facts justifying the seizure, W.Va.Code, 1931, 55–6–1, permitting such an intrusion and seizure upon the mere conclusory allegation that the plaintiff "verily believes [he] is entitled to recover," cannot be said to require even a minimal showing of "probable cause." That no discretion is exercised by the issuing official is demonstrated by the mandatory language of the statute.[4] The fact that a clerk of the court can issue the order further demonstrates the lack of judicial discretion. W.Va.Code, 1931, 55–6–2. In order to satisfy the Fourth Amendment, a statute must require the same minimal safeguards mandated by the due process clause: (1) a specific, factual demonstration of entitlement (2) made to a judicial officer (3) who may exercise discretion. *Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). Inasmuch as such requirements are not contained in the West Virginia statute, it must fall as facially unconstitutional, violating both the Fourth Amendment prohibition against unreasonable searches and seizures and the due process clause of the Fourteenth Amendment.

This Court is additionally disturbed by the provision, W.Va.Code, 1931, 55–6–3, which permits an officer to break into any place where the property may be found. This Court is appalled by the prospect of an

---

4. W.Va.Code, 55–6–2, 1931, provides in part: "If such affidavit and bond be filed . . . the clerk or justice *shall* indorse on the summons an order to the officer . . . . to seize and take into his possession the property mentioned in such summons." (Emphasis supplied.) See also *Young v. Edwards,* 64 W.Va. 67, 60 S.E. 992 (1908).

officer of the state proceeding to certain houses, breaking into and searching them, in order to recover a refrigerator or stove. The Fourth Amendment requires, at a minimum, that the order of seizure state with particularity that place which may be broken into, along with a demonstration of probable cause to believe that the particular item is there. The *application* of the statute to the residence of a third party, as occurred in this case, resulted in an unreasonable search within the meaning of the Fourth Amendment.

For the reasons stated, Plaintiffs' motion for partial summary judgment is hereby granted.