**Julio MATOS, Plaintiff,**

v.

**Luis A. VEGA et al., Defendants.**

**Civ. No. 74–843.**

United States District Court,
D. Puerto Rico.

Feb. 2, 1977.

Edgar R. Martínez-Gelpí, Roosevelt, P. R., for plaintiff.

Secretary of Justice, Commonwealth of Puerto Rico, Dept. of Justice, San Juan, P. R., for defendants.

César Andreu-Megwinoff, San Juan, P. R., for defendant Armando Vargas.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This matter is before the Court upon defendants' motion to dismiss or for summary judgment. After opposition was filed by plaintiff, the matter stood submitted for our decision.

Plaintiff is the owner of a parcel of land in Puerto Rico which was classified for public use by defendants effective October 6, 1967. On May 17, 1974, plaintiff filed a complaint before the Superior Court of the Commonwealth of Puerto Rico basically alleging that defendants' failure to reclassify his property or commence eminent domain proceedings during that time had deprived him of his property without due process of law in violation of the Constitution of the Commonwealth of Puerto Rico and of the Constitution of the United States. He requested the reclassification of his property or the removal of the "public use" classification.

On July 15, 1974, while the suit in the state courts was still pending, plaintiff filed a complaint in this Court seeking to recover damages caused by defendants' alleged deprivation of plaintiff's property without due process of law in violation of his federal constitutional rights. Jurisdiction is invoked under Sections 1983 and 1985 of Title 42, United States Code, and its jurisdictional counterpart Section 1343 of Title 28, United States Code.

After a pretrial order was filed on September 22, 1976, defendants moved this Court to dismiss this cause of action due to the fact that a suit is pending at the state

courts challenging the constitutionality of defendants' acts and because this suit is barred by the doctrine of sovereign immunity.

Plaintiff has also moved for summary judgment to the effect that the zoning regulation of the Commonwealth of Puerto Rico, Title 23, Laws of Puerto Rico Annotated, Section 1 et seq. is unconstitutional on its face and on its application and to the effect that he has been deprived of his constitutional right to due process. We will dispose of both motions jointly.

It is well settled that one seeking redress under Section 1983 of Title 42, United States Code for a deprivation of federal rights need not first initiate state proceedings based on related state causes of action. *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1971). But once these state proceedings have been initiated and they afford a competent tribunal for the resolution of federal issues, the considerations of comity and federalism which underly the doctrine of abstention requires us to refrain from exercising unnecessary impairment of the state functions and from the premature determination of constitutional questions.

In the case at bar, the constitutional challenge to the state statute, state administrative proceedings and to defendants' acts is already submitted to the consideration of the state court and is pending its decision. It is well established that state courts are competent to decide federal questions, including constitutional questions, *Fortune v. Mulherrin,* 533 F.2d 21, 1st Circuit, 1976, and if plaintiff has not preserved his federal issue for the federal courts by telling the state courts of the existence of the issue and expressly preserving it, this federal issue cannot be reargued in federal court. *Lovely v. Laliberte,* 498 F.2d 1261 (1 Cir. 1974), cert. denied, 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316; *Fortune v. Mulherrin,* supra.

The doctrine of *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1973), cited by plaintiff, does not control the case at bar since in *Steffel* no state proceedings were pending when the action was brought before the federal courts.

Plaintiff further argues that the Supreme Court of Puerto Rico was once confronted with the same constitutional question herein raised but declined to act upon it. The possibility that the state courts will not pass over the constitutional infirmities raised by plaintiff at the state courts does not justify a disruption of orderly state proceedings, even more when an interpretation of the state law may dispose of the constitutional question.

Furthermore, in the case of *Heftler International, Inc. v. Planning Board,* 99 D.P.R. 467 (1970), referred to by plaintiff, the Supreme Court of Puerto Rico refrained from passing over a similar constitutional issue until the appropriate administrative remedies have been exhausted. This does not mean that the state courts will not rule upon the constitutional question when the appropriate case is presented.

Accordingly, this cause of action is hereby dismissed. The Clerk of the Court is ordered to enter judgment accordingly.

IT IS SO ORDERED.