Diane DUNCAN et al.,
Plaintiffs-Appellants,

v.

Robert BARNES et al.,
Defendants-Appellees.

No. 77–1830
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 13, 1979.

Rehearings Denied June 1, 1979.

Charles W. Fairweather, Amarillo, Tex.,
for plaintiffs-appellants.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I. This case was assigned for oral argument March 7, 1979.

When the case was called and no one appeared for appellants, the case was assigned to the Summary Calendar for determination without oral argument.

Charles G. White, Plainview, Tex., for McDaniels, Noblett, Vandergriff, Clifton and Gillespie.

Thomas W. Kendrick, Amarillo, Tex., for Robert Barnes.

Joe Harlan, Amarillo, Tex., for James Patterson and Russell Ivy/Russell Ivie.

Robert D. Cheatham, Amarillo, Tex., for Ivy, Patterson and City of Amarillo.

Before COLEMAN, GODBOLD and IN-GRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This civil rights action against state law enforcement authorities arose out of the execution of a search warrant on the wrong premises. Appellants Diane Duncan, Ted Hooks, and Delia Gutierrez, students at a court reporting school in Plainview, Texas, brought suit against appellees Robert Barnes, Russell Ivy, James Patterson, Gary Noblett, Benny Clifton, and Gary Gillespie,[1] under 42 U.S.C. § 1983 (1976), alleging violations of their fourth and fourteenth amendment rights. Two special issues were put to the jury: (1) whether the officers acted in good faith and with a reasonable belief in the validity of the search warrant; and (2) whether the officers acted maliciously, arbitrarily or capriciously in conducting a search pursuant to the warrant. The jury answered the first special issue affirmatively but failed to reach a unanimous verdict on the second special issue. The district court then granted appellees' motion for judgment on the second special issue, on the ground that no "search" had been conducted. We reverse and remand for a new trial on the second special issue.

On March 19, 1976, appellees obtained a warrant to search the premises of Flavio Benavidez for heroin. The warrant described the Benavidez residence as follows: "A multi apartment complex, red brick in color with white trim. The apartment is located upstairs in the rear. The address is 409 Yonkers, Plainview, Hale County, Texas." In fact, Benavidez resided in a downstairs apartment in the complex. Appellants lived in the apartment described in the warrant.

Appellees executed the warrant in the early morning hours of March 19, 1976. With a sledge hammer, appellees broke down the rear door of appellants' apartment. With guns drawn, appellees proceeded to break down the doors to the two bedrooms in the apartment. In one bedroom, Miss Gutierrez was forced to stand in the nude, while appellees searched the room and the adjoining closet. In the other bedroom, appellees forced Mr. Hooks to stand in the nude spread-eagled against the wall and removed the sheet covering Miss Duncan, while they surveyed the remainder of the apartment.

Appellees were not satisfied that they were in the wrong apartment until some ten minutes after their entry. Upon appellees' departure, appellants' apartment was in disarray: the doors were smashed, the television and tape recorder were broken, and other personal property was damaged. Appellants were left emotionally distraught as well. They were forced to miss the next two weeks of classes at court reporting school. Consequently, their certification and, thus, employment as court reporters was delayed.

On May 13, 1976, appellants filed a complaint against appellees seeking damages for violations of their constitutional rights under color of state law pursuant to 42 U.S.C. § 1983 (1976). The case proceeded to a jury trial on February 22, 1977. In response to the first special issue, the jury found that appellees acted in good faith and

---

1. Barnes, Ivy and Patterson were officers of the Metro-Intelligence Unit of the Amarillo Police Department. Noblett was a Deputy Sheriff of Hale County, Texas. Clifton and Gillespie were officers of the Hale County Commission on Major Crime and Narcotics.

with a reasonable belief in the validity of the search warrant. On the second special issue, the jury could not agree whether appellees acted maliciously, arbitrarily or capriciously in conducting a search pursuant to the warrant. The district court then discharged the jury and, granted appellees' motion for judgment on the second special issue. In a Memorandum Opinion, the district court reasoned that the second special issue should not have been submitted to the jury, because appellees had not conducted a "search" but merely "secured the premises."[2]

■ The district court's implicit finding that appellees' conduct in executing the search warrant is not subject to the fourth amendment is clearly erroneous. The fourth amendment is not dormant until such time as the intruding officers look for the items described in the search warrant. From the moment of entry until the moment of departure, appellees' conduct was subject to scrutiny for reasonableness under the fourth amendment. There is no constitutionally cognizable distinction between a "search" for items described in a search warrant and a "securing of the premises" during the execution of the warrant.

■ Appellees argue that the district court's submission of the second special issue to the jury was erroneous, because the jury finding that appellees acted in good faith and with a reasonable belief in the validity of the warrant exculpates them from any liability for execution of the warrant. The argument is without merit. Law enforcement officers having a good faith and reasonable belief in the validity of the search warrant may nonetheless incur liability under 42 U.S.C. § 1983 (1976), if the warrant is executed in an unreasonable manner. *See United States v. Murrie,* 534 F.2d 695, 698 (6th Cir. 1976).

■ The district court's entry of judgment for appellees on the second special

issue was tantamount to entry of judgment non obstante veredicto. Such a motion is properly granted only where "the facts and inferences point so strongly and overwhelmingly in favor of one party that . . . reasonable men could not arrive at a contrary verdict." *Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir. 1969). The parties introduced conflicting testimony on the motivation and conduct of appellees. A reasonable jury could have held that appellees' execution of the search warrant was malicious, arbitrary or capricious.

The district court erred in granting appellees' motion for judgment on the second special issue. The siege of appellants' apartment was subject to scrutiny under the fourth amendment. The jury finding on the first special issue that appellees acted in good faith and with a reasonable belief in the validity of the search warrant did not immunize appellees from liability for the manner in which they executed the warrant, if such manner of execution violated the Constitution. Furthermore, the evidence was adduced at trial from which a reasonable jury could have found that appellees' execution of the warrant was malicious, arbitrary or capricious. Accordingly, we reverse the district court's ruling on appellees' motion for judgment on the second special issue and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

2. The district court likened the case to *Rodriguez v. Jones,* 473 F.2d 599 (5th Cir.), *cert. denied,* 412 U.S. 953, 93 S.Ct. 3023, 37 L.Ed.2d 1007 (1973), where the court acknowledged the commission of a "search" but found no evidence of the defendants' participation therein. In the instant case, there is no dispute as to the identities of the persons executing the warrant.