Wayne Eugene DUMOND, Plaintiff,

v.

Coolidge CONLEE, individually and in his official capacity as Sheriff of St. Francis County, Arkansas, and St. Francis County, Arkansas, Defendants.

No. H–C–88–5.

United States District Court, E.D. Arkansas, E.D.

April 6, 1988.

John Wesley Hall, Jr., Little Rock, Ark., for plaintiff.

Robert L. Roddey, Hilburn, Calhoun, Harper, Pruniski & Calhoun, Ltd., North Little Rock, Ark., for defendants.

## ORDER

EISELE, Chief Judge.

Before the court is a motion to dismiss Plaintiff's complaint filed by defendants Coolidge Conlee and St. Francis County, Arkansas. The plaintiff's complaint alleges that on March 7, 1985, unknown assailants entered plaintiff's house, tied him up, and castrated him. Plaintiff was left for dead. Upon arriving home from school, Plaintiff's son discovered his unconscious body, ran to a neighbor's house, and called the police.

The complaint further alleges that [d]efendant Conlee [the county sheriff acting in his official capacity] and his deputies and Arkansas State Police officers arrived at the house. Conlee retrieved plaintiff's bloody testicles from the floor of plaintiff's house and put them in a jar. Conlee obtained formaldehyde to preserve plaintiff's testicles. Conlee then placed the jar with plaintiff's testicles on his desk and left them there. Conlee brought people into his office and showed them plaintiff's testicles, and Conlee identified them as such. Conlee apparently was told by someone that this was inappropriate conduct and Conlee disposed of plaintiff's testicles by flushing them down a toilet several days later. He photographed them before flushing them. At the time of this occurrence, plaintiff was a defendant in a rape and kidnapping case in St. Francis County.

The plaintiff has brought this action pursuant to 42 U.S.C. s. 1983 alleging various constitutional violations. First, he contends that Defendant's conduct was an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments. Second, he contends that the defendant invaded his privacy in violation of the Fourth, Ninth, and Fourteenth Amendments. Third, he claims that defendant's

**1272**

conduct, which "shocked the conscience," deprived him of due process guaranteed by the Fourteenth Amendment. Plaintiff also alleges intentional infliction of emotional distress in violation of Arkansas tort law.

Defendants argue that, assuming the facts in Plaintiff's complaint are true, he has not alleged deprivation of a right secured by the Constitution or laws of the United States as required by 42 U.S.C. s. 1983. First, the defendants argue that no unreasonable search and seizure occurred. They base this contention on the fact that Plaintiff's son consented to the entry into Plaintiff's home. Further, they argue that Plaintiff's testicles were evidence in plain view which defendant Conlee had a right and duty to seize.

 The court begins by noting that consent searches do constitute an exception to the warrant requirement. In addition, the report of an injured person inside Plaintiff's home would allow entry under the "exigent circumstances exception" to the warrant requirement. Thus, Defendant's entry into Plaintiff's home did not appear to violate the Fourth Amendment. Moreover, Plaintiff's testicles were evidence of a crime. Therefore, Defendant Conlee could seize them if they were in plain view. In spite of the apparent legality of the seizure, the court finds that dismissal of the Fourth Amendment claim would be inappropriate at this time.

 Police officers who conduct searches pursuant to warrants may be held liable under Section 1983 if such searches are conducted in an unreasonable manner. *Bergquist v. County of Cochise,* 806 F.2d 1364, 1369 (9th Cir.1986); *Tarpley v. Greene,* 684 F.2d 1, 8 (D.C.Cir.1982); *Duncan v. Barnes,* 592 F.2d 1336, 1338 (5th Cir.1979). Although these cases dealt with the executions of search warrants, the court sees no principled way to distinguish the consent and exigent circumstances situations. Essentially, Defendants contend that because entry into Plaintiff's home was authorized by an established exception to the warrant requirement, police conduct, once inside, cannot be scrutinized. The court finds this assertion untenable. *See*

*Duncan,* 592 F.2d at 1338 (from the moment of entry until the moment of departure, police conduct was subject to scrutiny for reasonableness).

 If he can show that the search and seizure at issue were unreasonable, Plaintiff may recover under his Fourth Amendment theory. Although the court need not define the term "unreasonable" precisely for the purposes of this motion, it notes that conduct can be unreasonable without rising to the level of a due process violation that "shocks the conscience." *United States v. Penn,* 647 F.2d 876, 882–83 (9th Cir.1980) (en banc) *cert. den.,* 449 U.S. 903, 101 S.Ct. 276, 66 L.Ed.2d 134 (1980). Nevertheless, Plaintiff will bear the burden of proving facts which removed this search and seizure from the realm of reasonableness. For example, if Defendant's method of handling this evidence violated established procedures of the sheriff's department, the seizure might be considered unreasonable. Facts which demonstrated a motive other than the dutiful investigation of a crime might also render the search and seizure unreasonable. The above examples are not intended as an exhaustive list, but they do suggest the type of evidence Plaintiff must establish in order to prevail on his Fourth Amendment claim. And they illustrate that the court cannot with confidence say at this point that the plaintiff will be unable to put on any proof which would warrant relief under his Fourth Amendment claim. Of course, after further discovery, the issue possibly could be tendered again in a motion for summary judgment.

 Second, Defendants argue that Plaintiff has not stated a claim for violation of his constitutionally protected right to privacy. The court finds no merit in this contention. One element of the right of privacy protected by the Constitution is "the individual interest in avoiding disclosure of personal matters...." *Nixon v. Administrator of General Services,* 433 U.S. 425, 97 S.Ct. 2777, 2797, 53 L.Ed.2d 867 (1977); *Whalen v. Roe,* 429 U.S. 589, 599–600, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977). The plaintiff's complaint alleges

that Defendant violated this right of confidentiality. It thus states a claim for violation of his right of privacy guaranteed by the Constitution.

 Third, Defendants contend that Plaintiff has not stated a claim under the due process clause. The defendants argue that cases in which conduct "shocks the conscience" generally involve "methods used to obtain evidence against a criminal defendant under the Fourth Amendment or treatment of prisoners under the Eighth Amendment." The court finds little merit in this argument. First, the fact that many due process cases involve custodial situations serves only to demonstrate the infrequency of cases in which arbitrary police conduct affects citizens who are not in custody. *See York v. Story,* 324 F.2d 450, 456 (9th Cir.1963), *cert. den.,* 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964). Second, the court believes that the argument, pushed to an extreme, would countenance a perverse result. Certainly law-abiding citizens, or suspects free on their own recognizance, may not be subjected to arbitrary police conduct which "shocks the conscience" without having a remedy under Section 1983. Such a result would be unacceptable. The court notes that even if Defendant's conduct while inside Plaintiff's home was reasonable, the public display and disposal of the testicles might still constitute due process violations. In any case, Plaintiff will bear the burden of establishing particular conduct of the defendant which can be said to "shock the conscience." The best time to deal with that issue will be after Plaintiff's proof is in, or perhaps upon motion for summary judgment. Thus, dismissal of the due process claim is inappropriate at this time.

 Fourth and finally, the defendants argue that defendant St. Francis County is immune from liability under Plaintiff's pendent state law claim. They base this contention on Ark.Code Ann. s.21–9–301 which states that counties are immune from tort damages as a matter of public policy. The court will dismiss Plaintiff's pendent state law claims against St. Francis County.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss be, and it is hereby, granted in part and denied in part as discussed above.