**Victor Zeno PARIS, Ana Luz Alamo Rosa, individually and their conjugal partnership, Plaintiffs,**

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, et al., Defendants.**

**Civ. No. 86–1659 HL.**

United States District Court, D. Puerto Rico.

May 11, 1988.

---

Roberto Reyes Lopez, San Juan, P.R., for plaintiffs.

Pedro Santiago Torres, San Juan, P.R., for Puerto Rico Elec. Power Authority.

Francisco J. Cobian, Cobian & Ramos, San Juan, P.R., for EEA, J. Olivencia, R. Arroyo, J. Ruiz and M. Gaudiel.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs bring this action against defendants Puerto Rico Electric Power Authority (PREPA)[1], six of its officers and their respective spouses and conjugal partnerships, alleging that defendants have, under color of law, deprived them of rights secured under both the United States and Puerto Rico constitutions when defendants entered and searched plaintiffs' property twice without a search warrant and without their consent. Defendants move to dismiss for lack of subject matter jurisdiction on the basis that plaintiffs failed to state a claim upon which relief can be granted. In the alternative, defendants request that we defer to local courts under principles of comity and federal abstention. We deny defendants' motion to dismiss.

On October 15, 1985, the Puerto Rico Secretary of the Natural Resources Department filed a petition at the Puerto Rico

---

1. PREPA is a public corporation created pursuant to Law No. 83 of May 2, 1941, as amended, 22 L.P.R.A. sect. 191 *et seq.* It is the exclusive provider of electricity services within this jurisdiction.

Superior Court requesting an expedited judicial order permitting various government agencies,[2] including PREPA, to enter plaintiffs' property in Finca La Picúa for the purpose of conducting civil, criminal or administrative investigations. The Natural Resources Department has under its custody the area of Finca La Picúa.[3] The petition alleged that on July 31, 1985, during an airplane trip over Finca La Picúa, it was observed: bulldozers engaged in construction and installation of and electrical and water connections. The Secretary also alleged that plaintiffs' activities were illegal since they were being performed without permits. The District Attorney's office allegedly advised plaintiffs to discontinue said acts.

On October 15, 1985, the Superior Court ordered titleholders of Playa Las Picúas and/or their agents "to leave or to allow" entry to their respective properties to officials of PREPA and other governmental agencies. *See* footnote 2 *ante.* The order was valid until October 25, 1985.

The complaint alleges that on October 16, 1985, defendants forcibly entered and searched plaintiffs' property. During the search, defendants took pictures of their bathroom and removed electric equipment from the premises without plaintiffs' consent. On October 25, 1986, codefendants Agosto, Ruiz, Gaudier, and Olivencia again forcibly entered plaintiffs' property, measured plaintiffs' property, and photographed the outside of the house and the inside of the bathroom.[4]

On October 24, 1986, plaintiffs filed a complaint seeking compensatory and punitive damages for illegal entry and search of their property and the physical damage caused therein.

Defendants contend that the searches conducted of plaintiffs' property were made pursuant to a duly authorized search-order of the local court; therefore, the searches are presumed to be legal. Defendants also argue that the alleged constitutional violation was properly safeguarded by state procedures that satisfy federal due process minima.

Plaintiffs do not challenge the validity of said order. Plaintiffs instead argue that the order issued by the local court did not authorize defendants to enter plaintiffs' property without their consent. Plaintiffs claim that defendants had to show them a certified copy of the order. Plaintiffs claim that defendants knew where to locate co-plaintiff Víctor Zeno París because at that time he was an employee of PREPA and defendants instead wilfully, maliciously and intentionally searched and caused damage to plaintiffs' property. Plaintiffs alternatively argue that if the order is characterized as a search warrant then it does not comply with Fourth Amendment requirements.

Defendants' motion will be treated as a motion for summary judgment since both the motion and the opposition have submitted matters outside the pleadings. Fed. R.Civ.Proc. 12(b). The moving party in a summary judgment motion must clearly demonstrate the absence of any material fact and is entitled to judgment as a matter of law. Fed.R.Civ.Proc. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must examine the record "in the light most favorable to the party opposing the motion." *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). A complaint should

---

**2.** Specifically, the petition requested an expedited judicial order authorizing entry into Finca La Picúa by the Police Department, ARPE inspectors, Water and Sewer Authority inspectors, Natural Resources Department rangers and any other public official from the Commonwealth of Puerto Rico, as well as PREPA.

**3.** Finca La Picúa is part of Espíritu Santo River, a natural reserve area.

**4.** Subsequently, plaintiffs filed a criminal complaint against codefendant Gaudier before the Commonwealth District Court. The local court dismissed the complaint for lack of probable cause. Plaintiffs state that the complaint was dismissed because codefendant Gaudier had informed the local court that he did not enter plaintiffs' property.

not be dismissed unless it appears beyond a doubt that plaintiff is not entitled to relief. *Celotex*, 477 U.S. 317, 106 S.Ct. 2548.

The complaint in a civil rights action must allege minimal facts of the alleged constitutional violation under color of law occurred. *Velazquez v. Chardon*, 736 F.2d 831, 834 (1st Cir.1984); *Dewey v. University of New Hampshire*, 694 F.2d 1 (1st Cir.1982), *cert. denied*, 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983). A federally-secured right must be infringed under color of state law in order to present an actionable cause of action. *Mitchum v. Foster*, 407 U.S. 225, 239, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

■ This case is unusual in that it involves an alleged search and seizure of private property by officers of a public utility company rather than the usual searches and seizures involving police officers. Nevertheless, the former when acting under color of law may not violate a person's right to privacy and security in his or her private residence. The Fourth Amendment protection and principles equally apply to government action in civil situations as well as criminal. *Hamrick v. Ashland Finance Co. of W. Va.*, 423 F.Supp. 1033 (S.D.W.Va.1976) (Fourth Amendment guarantees are specifically applicable to prejudgment seizure statutes); *Miloszewski v. Sears Roebuck*, 346 F.Supp. 119 (W.D.Mich.1972). The Fourth Amendment also protects both persons and houses against unreasonable searches and seizures. Except in specially defined classes of cases, a search of private property without proper consent is unreasonable unless a valid search warrant has been authorized. *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). Warrantless searches are constitutionally suspect. *Miloszewski*, 346 F.Supp. at 121. The Supreme Court has strongly enunciated a strong preference for the conducting of searches and seizures pursuant to a search warrant. *United States v. Ventusca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

Clearly, plaintiffs allege that defendants entered plaintiffs' property without a search warrant and consent. Although the judicial order did authorize PREPA to conduct its investigations on plaintiffs' property, it cannot be construed as a search warrant. Search warrants are issued in criminal cases. If this was a search warrant, it would obviously not pass constitutional muster under the Fourth Amendment because at the very least it fails to "particularly describe the place to be searched" and "the things to be seized."

■ Nevertheless, plaintiffs do not challenge the constitutionality of the judicial order but rather its execution. If a law enforcement officer acts in good faith and with reasonable belief in validity of a search warrant, said officer may still incur liability under Section 1983, if the warrant is executed in an unreasonable manner. *Duncan v. Barnes*, 592 F.2d 1336, 1338 (5th Cir.1979). *See Williams v. City of Chicago*, 525 F.Supp. 85 (E.D.Ill.1981) (arrest warrant). *Cf. Johnson v. Miller*, 680 F.2d 39 (7th Cir.1982) (failed to allege a cause of action against police officers who twice arrested plaintiff pursuant to arrest warrant, since the complaint failed to allege that officers intentionally or even negligently deprived plaintiff of constitutional rights). Both parties disagree on whether the judicial order required defendants to obtain plaintiffs' permission or allowed them access to plaintiffs' property. The Fourth Amendment jurisprudence generally requires that law enforcement officials possessing a search warrant give notice of their authority and purpose prior to entry of private property to be searched. 2 W.R. LaFave, *Search and Seizure, A Treatise on the Fourth Amendment*, Sect. 4.8(a) (1987). Although the judicial order in this case is not a search warrant, it should be noted that under the expressed powers granted by the Commonwealth Legislature to PREPA, 22 L.P.R.A. sect. 196(r), notification must be given to landowners prior to entry of any lands for the purpose of making surveys, soundings or examinations. A violation of this statute could result in criminal penalties. 22 L.P.R.A. sect. 196(c).

■ Plaintiffs have sufficiently stated a claim for constitutional violation of their

Fourth Amendment rights. Plaintiffs aver that defendants forcibly entered their property twice without seeking their permission as required by the judicial order. Moreover, plaintiffs have suggested that there was improper motive on the part of the investigating officers. *Brown v. District of Columbia,* 638 F.Supp. 1479 (D.D.C. 1986). The PREPA officers allegedly knew where to locate plaintiff Zeno París since he worked for the same agency.

This case, however, much more resembles *Miloszewski v. Sears Roebuck,* 346 F.Supp. 119 (W.D.Mich.1972). In the latter case, Sears Roebuck & Co. sought to recover possession of a television set in the Miloszewski's home. Acting pursuant to Michigan District Court Rule,[5] defendants broke into the house and seized the television set. The Miloszewskis then brought a civil rights action and defendants moved to dismiss on the ground that there was no constitutional deprivation and therefore the court lacked subject matter jurisdiction. The district court found that the protections of the Fourth Amendment applied to this search and that the Miloszewskis sufficiently pleaded a Fourth Amendment violation. The court stated that defendants' search and seizure were unreasonable and conducted without a search warrant. The district court reasoned that "the sanctity of the privacy of the individual and his home must prevail over this grasping for property and profits." *Id.* at 122.

Defendants also argue that the alleged constitutional violation was properly safeguarded by local procedures that satisfy due process minima. As previously stated, the record is absent of any procedural due process claim under the Fifth and Fourteenth Amendments. The thrust of plain-

tiffs' complaint and opposition motion is based on the Fourth Amendment and substantive due process violations.[6] Hence, defendants' argument regarding procedural due process is irrelevant.

Our jurisdiction is upheld by reference to the Fourth and Fourteenth Amendments.

■■■■ We deny defendants' alternative argument that this Court should defer to local courts under the principles of federal abstention and comity. Under Section 1983, a litigant has an option to bring his or her constitutional claim in either state court or federal court. Here, plaintiffs chose to prosecute their claim in federal court. This is not a case where there is a pending local action involving similar constitutional issues where the exercise of this Court's jurisdiction may impair state court functions. *Matos v. Vega,* 429 F.Supp. 710 (D.P.R.1977).

In 1824 Chief Justice Marshall forcefully expressed that:

It is most true, that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should.

*Cohens v. Virginia,* 19 U.S. (6 Wheat) 264, 5 L.Ed. 257 (1821).

In 1972 the Supreme Court reiterated in *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 that:

The very purpose of Section 1983 [of the Civil Rights Act] was to interpose the federal courts between the states and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action be executive, legislative, or judicial.

It should be noted that a refusal to submit to such a search and seizure might lead to criminal prosecution under M.C.L.A. sect. 750.479.

---

**5.** Michigan District Court Rule 757 provides that: .2 Claiming the Delivery. The plaintiff in an action to recover the possession of personal property may, at the time the summons is issued, or at any time before the answer, claim the delivery of such property to him as provided in these rules. (3). Upon the receipt of such bond and endorsed affidavit, the court officer shall proceed to seize and take into his custody the property ... and ... may, after having publicly demanded deliverance thereof, break open any building in which such property may be concealed.

**6.** For the distinction between procedural due process and substantive due process, *see* 2 R.D. Rotunda, J.E. Nowak and J. Nelson Young, *Treatise on Constitutional Law: Substance and Procedure* 12 (1986). *See also* S.H. Nahmod, *Civil Rights and Civil Liberties Litigation: The Law of Section 1983,* 150–152 (2d ed. 1986).

And, as recently as 1976, the Supreme Court again stated in *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) that federal courts have a virtually unflagging obligation to exercise the jurisdiction given to them.

Defendants have failed to support their abstention claim.

WHEREFORE, defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.