958 F.2d 361
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
William C. DODSON, Plaintiff, Appellant,
v.
Philip S. HOLLMAN,, Defendant, Appellee.
 No. 91-1894.
 United States Court of Appeals,
First Circuit.
 March 23, 1992
 
 William C. Dodson on brief pro se.
 John P. Arnold, Attorney General of New Hampshire, and Douglas N. Jones, Assistant Attorney General, on brief for appellee.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judge s,
 Per Curiam.
 
 
 1
 Pro se litigant William Dodson appeals the dismissal of his 42 U.S.C. § 1983 complaint against Justice Philip S. Hollman of the Cheshire Superior Court in New Hampshire. Dodson claims that Justice Hollman violated his constitutional right to meaningful access to the courts when he denied Dodson's petition to have transcripts of an October 6, 1983 domestic relations proceeding supplied to Dodson at the government's expense. Dodson did not appeal Justice Hollman's ruling. Instead, he filed the instant civil rights action. At the outset, we observe that Dodson has waived his right to appeal by failing to file objections to the magistrate's report. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). But even if this were otherwise, he is not entitled to relief. In asking that we compel production of the transcripts, Dodson effectively is seeking federal appellate review of a state court decision. " '[F]ederal courts do not review state court civil proceedings under the guise of the Civil Rights Act.' " Malachowski v. City of Keene, 787 F.2d 704, 708 (1st Cir.) (per curiam), cert. denied, 479 U.S. 828 (1986), (citing Fortune v. Mulherin, 533 F.2d 21, 22 (1st Cir.), cert. denied, 429 U.S. 864 (1976)). Where Dodson is seeking relief that is barred as a matter of law, his complaint was properly dismissed.[1]
 
 
 2
 We affirm.
 
 
 
 [1]
 The magistrate's report gave Dodson advance warning of the inadequacy of his complaint. Thus, the district court's dismissal did not violate Nietzke v. Williams, 490 U.S. 319,328-31 (1989). See Purvis v. Ponte, 929 F.2d 822, 826 (1st Cir. 1991) (per curiam)