Wayne R. ANDERSON,
Plaintiff-Appellant,

v.

The STATE OF COLORADO and the Judges of the First Judicial District, Jefferson County, Colorado, Defendants-Appellees.

No. 83–2453.

United States Court of Appeals,
Tenth Circuit.

June 12, 1986.

Wayne R. Anderson, pro se.

Cheryl J. Hanson, Asst. Atty. Gen., Denver, Colo., for defendants-appellees.

Before BARRETT, SETH and McKAY, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the

---

determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The appeal is therefore ordered submitted without oral argument.

Wayne R. Anderson brought this civil rights action alleging that the State of Colorado and the judges of the First Judicial District, Jefferson County, Colorado, had violated his right to equal protection and due process by engaging in a discriminatory practice of awarding custody to mothers in child custody disputes. Mr. Anderson sought declaratory and injunctive relief under 42 U.S.C. § 1983 (1982) and a writ of habeas corpus directing that his son be returned to his custody. The district court dismissed the action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and Mr. Anderson has appealed.

At the outset, we note that Mr. Anderson's attempt to invoke federal habeas corpus jurisdiction under 28 U.S.C. § 2254 (1982) has been foreclosed by the Supreme Court's decision in *Lehman v. Lycoming County Children's Services,* 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982). In *Lehman,* the Court held that section 2254 does not confer jurisdiction on federal courts to review state court judgments involuntarily terminating parental rights. *Id.* 458 U.S. at 516, 102 S.Ct. at 3240. In reaching this conclusion, the Court observed that "[t]he 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas." *Id.* at 511, 102 S.Ct. at 3237 (footnote omitted). We think the holding in *Lehman* applies here, and thus Mr. Anderson may not use federal habeas corpus as a vehicle to undo the custody decision of the Colorado court.

We next consider whether the district court properly dismissed Mr. Anderson's section 1983 claim against the state judges. In dismissing the action, the district court remarked:

It is not possible for this court to grant [the requested] relief without disrupting the judicial process of the Colorado courts. The defendants could not voluntarily accept a declaration from this court concluding that their decisions are void. The judicial action attacked in this case was taken in adversary proceedings and within the scope of the color of authority granted to the defendants. If there is error of constitutional moment, the remedy is through the Colorado appellate procedure and, ultimately, a review by the United States Supreme Court.

Record, vol. 1, at 118.

We agree with the district court that it lacked subject-matter jurisdiction over Mr. Anderson's section 1983 claim. It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Fortune v. Mulherrin,* 533 F.2d 21 (1st Cir.), *cert. denied,* 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976); *Atchley v. Greenhill,* 373 F.Supp. 512 (S.D.Tex.1974). Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983 (1982). *Sunn v. Dean,* 597 F.Supp. 79, 80 (N.D.Ga.1984); *see also Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981) ("§ 1983 should not be used as a vehicle to resolve a dispute involving visitation rights-privileges").

In *Doe v. Pringle,* 550 F.2d 596 (10th Cir.1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977), we emphasized the distinction between general challenges to state bar admission rules and claims that a state court has unlawfully denied a particular applicant admission:

The United States District Court, in denying [the plaintiff] relief, declared that there is a subtle but fundamental distinction between two types of claims which a frustrated bar applicant might bring to federal court: The first is a constitutional challenge to the state's general rules and regulations governing admission; the second is a claim, based

on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission. The Court held that while federal courts do exercise jurisdiction over many constitutional claims which attack the state's power to license attorneys involving challenges to either the rule-making authority or the administration of the rules ..., *such is not true where review of a state court's adjudication of a particular application is sought.* The Court ruled that the latter claim may be heard, if at all, exclusively by the Supreme Court of the United States.

*Id.* at 597 (emphasis in original). The Supreme Court quoted this passage with approval in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). There, the Court reaffirmed that federal district courts do not have jurisdiction to review final state-court judgments in judicial proceedings. *Id.* 460 U.S. at 482–86, 103 S.Ct. at 1315–17.

Despite Mr. Anderson's protestations to the contrary, this lawsuit essentially seeks to undo the custody decision of the Colorado state court. Therefore, it fits squarely within the parameters of the *Doe-Feldman* doctrine prohibiting federal district courts from reviewing state-court judgments. Mr. Anderson's recourse, if any, is to exhaust his appeals in the Colorado courts and to petition the Supreme Court of the United States for certiorari review of the decision of the state supreme court. *See Doe v. Pringle, supra.* The decision of the district court is AFFIRMED.