961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert WATERBURY, Plaintiff-Appellant,
v.
STATE of KANSAS; William Clements, 8th Judicial District,
Defendants-Appellees.
 No. 91-3269.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 SEYMOUR, District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 In this appeal of the district court's dismissal of his action under 42 U.S.C. § 1983 (1988), Robert Waterbury seeks a new trial in a state court civil damage suit and damages for the injustice he believes he has suffered in the Kansas state courts. He sues the state of Kansas and one of its judges, arguing that he was not offered the opportunity to be heard by a jury of his peers. He did not seek direct review of the state court decision. Instead, he brought this collateral challenge which the district court dismissed. Mr. Waterbury appealed that dismissal to this court, and filed a motion to proceed in forma pauperis.
 
 
 5
 Like the district court, we hold that the state judge is shielded from liability by the doctrine of judicial immunity. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Apparently recognizing the strength of the shield erected by that doctrine, Mr. Waterbury argues on appeal that: "I am not contending that the Judge is responsible. The state has responsibility because the Judge was acting in the state's behalf." Appellant's Opening Brief at 3. Like the judge, however, the state is immune from this suit. As against the state of Kansas, Mr. Waterbury's damage action is barred by the Eleventh Amendment. U.S. Const.amend. XI; see Hans v. Louisiana, 134 U.S. 1 (1890). This court has previously decided that the Eleventh Amendment may be raised sua sponte. Esparza v. Valdez, 862 F.2d 788 (10th Cir.1988), cert. denied, 492 U.S. 905 (1989).
 
 
 6
 In his brief, Mr. Waterbury essentially requests that this court undo the decision of the Kansas state court. Section 1983's availability does not permit litigants to choose the forum in which they seek appellate review of state court decisions, even if there is a federal constitutional question presented. "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." Anderson v. State of Colorado, 793 F.2d 262, 263 (10th Cir.1986). Again, Mr. Waterbury's action is barred.
 
 
 7
 Thus, while we GRANT Mr. Waterbury's motion to proceed in forma pauperis, we AFFIRM the decision of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3