**UNITED STATES COURT OF APPEALS**

Filed 8/23/96

**FOR THE TENTH CIRCUIT**

————

DENNIS O'NEILL, )
)
    Plaintiff-Appellant, )
)
v. ) No. 96-1214
) (D.C. No. 95-Z-863)
THE BOARD OF COUNTY COMMISSIONERS ) (Dist. of Colorado)
OF THE COUNTY OF LAKE, JANIS A. )
FAIRCHILD, KEN BAKER, KEN BAKER, )
P.C., LLOYD E. SCHOOLEY, REATHA A. )
SCHOOLEY, DALLAS H. FULLERTON, )
LEONARD CAMPBELL, VIRGIL NEAL )
CAMPBELL, and PAUL CAMPBELL, )
)
    Defendants-Appellees. )

————

**ORDER AND JUDGMENT[*]**

————

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

————

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Dennis O'Neill (O'Neill) appeals from the district court's dismissal with prejudice of his civil rights complaint filed pursuant to 18 U.S.C. § 1983.

—————————————

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

O'Neill owned real property in Lake County, Colorado, which was secured by a Deed of Trust and a Promissory Note in favor of appellees, Leonard Campbell, Virgil Neal Campbell, Paul Campbell, Lloyd E. Schooley, Reatha A. Schooley, and Dallas H. Fullerton (collectively "the Campbells"). When O'Neill failed to make certain payments, the Campbells initiated foreclosure proceedings, through their attorney, appellee Ken Baker (Baker), with the Public Trustee for Lake County, Colorado, appellee Janis A. Fairchild (Fairchild). Fairchild set the foreclosure sale for April 1, 1993. O'Neill filed an objection to the sale and on March 18, 1993, Fairchild changed the sale date to April 29, 1993. O'Neill claims he did not receive notice of the new date of sale.

Pursuant to Colo. R. Civ. P. 120(d), a hearing was held on April 23, 1993, for authorization of the foreclosure sale. O'Neill attended the hearing without counsel.[1] During the hearing, the court inquired as to the date of the foreclosure sale. Baker replied that it was set for April 28, 1993, or "next Friday," April 30, 1993. After the hearing, the court determined that O'Neill had defaulted on the promissory note and granted the Order Authorizing Sale.

Pursuant to the order, Fairchild held the foreclosure sale on

---

[1] Although O'Neill had retained counsel for this proceeding, counsel was unable to attend due to a scheduling conflict and the district court denied O'Neill's request for a continuance on the morning of the hearing.

April 29, 1993, and the subject property was sold. On July 23, 1993, O'Neill filed a Motion For Reconsideration of Order Authorizing Sale and to Void Sale. On September 24, 1993, O'Neill filed a Petition for Mandamus and Prohibition with the Colorado Supreme Court. Both motions were based on O'Neill's claim that he was denied procedural due process because the foreclosure sale occurred before the statutory seven day period for him file a Notice of Intent to Cure had elapsed. On September 28, 1993, the district court denied O'Neill motion for reconsideration and on September 30, 1993, the Colorado Supreme court denied O'Neill's petition for mandamus. Finally, on October 29, 1993, the Lake County District Court approved the sale.

On April 19, 1995, O'Neill filed this civil rights action in district court pursuant to 18 U.S.C. § 1983 alleging, inter alia, that he was denied procedural due process because the foreclosure sale occurred before the statutory seven day period allowed for the filing of a Notice of Intent to Cure after a Rule 120 hearing had elapsed. On April 10, 1996, the district court granted appellees' motions to dismiss and dismissed O'Neill's complaint on the grounds that: (1) the federal district court lacked subject matter jurisdiction because O'Neill sought appellate review of a state court decision; (2) O'Neill's claims were barred by the doctrine of collateral estoppel; and (3) O'Neill failed to state a claim upon which relief can be granted.

On appeal, O'Neill reiterates his due process claim. He specifically contends that the district court erred in finding that: his claims sought to vacate, reverse or modify a state court decision, therefore, depriving the district court of subject matter jurisdiction; his claims were barred by the doctrine of collateral estoppel; and his complaint failed to sufficiently plead the specifics of conspiracy between public officials and private litigants.

We review the district court dismissal for lack of subject matter jurisdiction de novo.[2] Thomas Brooks Chartered v. Burnett, 920 F.2d 634, 641 (10th Cir. 1990).

The federal courts are courts of limited jurisdiction and may only adjudicate cases within their authority, Hackbart v. Cincinnati Bengals, Inc., 601 F.2d 516, 521 (10th Cir.), cert. denied, 444 U.S. 931 (1979), and "[i]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review." Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986). See Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991). Where a constitutional claim has, or could have been, reviewed by a state appellate court, a litigant may not use § 1983 as a vehicle in a

---

[2]     Although the district court found alternative grounds to dismiss O'Neill's complaint, we need only address the issue of subject matter jurisdiction because without jurisdiction we are without authority to consider anything else.

- 4 -

federal district court through which to seek reversal.  <u>Anderson</u>, 793 F.2d at 263.  "Any such federal review has to be addressed directly to the United States Supreme Court from the state's highest court pursuant to 28 U.S.C. § 1257."  <u>Facio</u>, 929 F.2d at 543.

The Colorado courts have considered, or had the opportunity to consider, O'Neill's claims of deprivation of due process and have denied relief.  Therefore, we affirm substantially for the reasons set forth in the district court's Order of April 10, 1996.

O'Neill's motion for Correction or Modification of the record is denied.  Appellees', the Board of County Commissioners for the

County of Lake and Fairchild, request for attorney fees and sanctions is denied.

**AFFIRMED.**

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge