**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHELE A. VIGIL and RUSSELL
E. VIGIL,

        Plaintiffs-Appellants,

v.

PAUL MARKSON, JR., Denver
District Court Judge,

        Defendant-Appellee.

No. 97-1256
(D.C. No. 96-D-2565)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Michele A. and Russell E. Vigil appeal the district court's order dismissing their 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction. Following consideration of the parties' arguments and review of the record on appeal, we affirm.

In 1995, plaintiffs borrowed $115,000.00 from N. K. Sharma, securing the loan by transferring title to their residence and two adjoining units to Sharma. When plaintiffs defaulted on the loan, Sharma initiated a forcible entry and detainer action in Colorado state court asserting that he was the legal owner of the property and that plaintiffs were tenants holding over beyond their term of tenancy.

Following a trial on September 17, 1996, the state trial court found in favor of Sharma, ordering plaintiffs to vacate their property and pay $6,666.00 in damages and past due rent. In addition, the state court ordered plaintiffs to post a $50,000 bond in order to obtain a stay of execution of judgment pending requests for post-judgment relief or appeal.

Plaintiffs filed a § 1983 complaint in federal district court against appellee Judge Paul Markson, Jr., seeking injunctive and declaratory relief in connection with the state court F.E.D. judgment. In their complaint, plaintiffs asserted that Judge Markson's bond order violated their equal protection and due process rights and denied them access to the courts. Plaintiffs sought an injunction enjoining

the state court from enforcing the bond and an order allowing them forty-five days after grant of relief to file a notice of appeal to the Colorado Court of Appeals. In addition, plaintiffs sought a judgment declaring part of Colorado's F.E.D. statute, Colo. Rev. Stat. § 13-40-117(3), unconstitutional.[1]

Judge Markson filed a motion to dismiss asserting that the action was barred by Eleventh Amendment immunity, the federal court lacked subject matter jurisdiction to review the state court judgment, and plaintiffs failed to join an indispensable party, namely Sharma, the plaintiff in the state court action. Relying on this court's decisions in Facio v. Jones, 929 F.2d 541 (10th Cir. 1991), and Anderson v. Colorado, 793 F.2d 262 (10th Cir. 1986), the district court dismissed the complaint, finding that it did not need to reach the Eleventh Amendment or joinder issues because it agreed with appellee that the federal court had no subject matter jurisdiction to decide plaintiffs' claims.

On appeal, plaintiffs assert that "they are seeking access to the Colorado Court of Appeals in order there to obtain substantive appellate review of Judge Markson's substantive decision regarding the eviction." Appellants' Opening Br. at 2. Plaintiffs allege that they are not seeking appellate review of the state court's judgment, but only "procedural relief in the form of an injunction." Id.

---

[1]     It appears that on appeal, plaintiffs have abandoned their claim that section 13-40-117(3) is facially unconstitutional.

The essence of plaintiffs' argument is that Judge Markson's bond requirement is unconstitutional.

We review de novo the district court's determination that it lacked subject matter jurisdiction. See Painter v. Shalala, 97 F.3d 1351, 1355 (10th Cir. 1996). It is well established that federal district courts generally do not have jurisdiction to review, reverse, or invalidate a final state-court decision. See District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The Rooker-Feldman doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Under this rule, jurisdiction to review state-court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court. See Facio, 929 F.2d at 543. The Rooker-Feldman doctrine bars consideration not only of issues actually presented to and decided by a state court, but also bars consideration of constitutional claims that are "'inextricably intertwined' with" issues ruled upon by a state court. See id. at 543 (quoting Feldman, 460 U.S. at 483-84).

Here, plaintiffs were parties to a state court action where they suffered an adverse judgment. The $50,000 bond was entered as part of that judgment.

Despite plaintiffs' argument that the bond requirement prevented them from appealing the F.E.D. decision to the Colorado Court of Appeals, the record is devoid of any evidence that plaintiffs attempted to appeal the state-court decision to the Colorado appellate court, obtain a stay of execution of the judgment pending appeal, or obtain relief from the appeal bond order.[2]  See Anderson, 793 F.2d at 263 ("Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983.").

In order for the federal district court to grant plaintiffs the injunctive relief they seek under § 1983, it must determine that the state court's order imposing the bond was wrong.  This would be an impermissible interference with the state court's right and ability to consider challenges to its own judgments.  Therefore, we conclude that the relief plaintiffs request here is precluded by the Rooker-Feldman doctrine.  Plaintiffs' course, if still available, is to exhaust their post-judgment relief and appellate processes in the Colorado courts, and if still

---

[2]     Following the decision by the state trial court, plaintiffs did file a petition for writ of prohibition in the Colorado Supreme Court seeking an order prohibiting execution of the state court eviction order and requiring appellee to show cause why the bond should not be stricken.  The petition was summarily denied.  Plaintiffs failed to seek any relief from the United States Supreme Court which is vested with exclusive jurisdiction to review a decision of the highest state court.  See Facio, 929 F.2d at 543.

dissatisfied, to petition the United States Supreme Court for certiorari review. See Anderson, 793 F.2d at 264.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge
