**Shirley HALL, Plaintiff,**

v.

**Keith MARTIN, et al., Defendants.**

**No. CIV.A.99–1092–KHV.**

United States District Court,
D. Kansas.

Jan. 19, 2000.

Shirley Hall, Las Cruces, NM, pro se.

Steven D. Ruse, Amy E. Patton, Shughart, Thomson & Kilroy, Overland Park, KS, for Defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This case arises from prior state court litigation between plaintiff and the estate of her elderly aunt, Esther Brodbeck. In that litigation, plaintiff mounted a vigorous but ultimately futile challenge to her aunt's last will and testament and the position of the estate with respect to a certain certificate of deposit. Plaintiff has now sued the attorneys and law firms who represented her in these and related matters, claiming breach of contract, negligence, fraud and intentional infliction of emotional distress. She has also sued the beneficiaries of the estate, along with their attorneys, claiming fraud and collusion. The matter comes before the Court on plaintiff's *Motion For Enlargement Of Time For Scheduling Conference And F.R.Civ.P. 6(F) Meeting And Service Of Discovery Material* (Doc. # 41) filed June 30, 1999; plaintiff's *Motion For Enlargement Of Time For Responding To The Honorable Kathryn Vratil's Orders Of August 20, 1999, Granting Permission to File An Amended Complaint And Ordering The Plaintiff To Show Cause Why This Court Has Subject Matter Jurisdiction Of Claims Against James, Hart, Lytle and Logan* (Doc. # 63) filed August 30, 1999; *Plaintiff's Motion For Enlargement Of Time For Responding To The Honorable Kathryn H. Vratil's Orders Of August 20, 1999, Granting Permission to File An Amended Complaint And Ordering The Plaintiff To Show Cause Why This Court Has Subject Matter Jurisdiction Of Claims Against James, Hart, Lytle and Logan And Request For Court Order Making Parties Keith Martin And Mark–Beam Send Hall's File To Her* (Doc. # 65) filed September 13, 1999; plaintiff's *Memoranda Of Law Showing Cause Why Federal Claims Of Denial Of Constitutional Rights Against Defendants Ruth James, Dwight Hart, Fred Logan, and Robert Lytle Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction* (Doc. # 68) ("memorandum of law") filed October 25, 1999; plaintiff's *Motion For Costs Under F.R.Civ.Pr. 4 Against Defendants Keith Martin And Mark Beam–Ward* (Doc. # 67) filed October 25, 1999; plaintiff's *Request For Time Extension To Respond To Motions To Dismiss And Responses To Memoranda Of Law* (Doc. # 80) filed November 29, 1999; *Motion Of Defendant Robert Lytle To Dismiss* (Doc. # 71) filed November 17, 1999; and the *Motion To Dismiss Claims Against Defendants Hart and James* (Doc. # 73) filed November 19, 1999.

### Factual Background

On January 15, 1992, plaintiff's aunt, Esther Brodbeck, executed a will which designated James and Hart as residual beneficiaries. *See Amended Complaint* (Doc. # 7) filed May 3, 1999 ¶ 12. This will replaced a will which had named plaintiff and a grandnephew of the decedent as residual beneficiaries. *See id.* Brodbeck died on December 28, 1993. Plaintiff challenged the validity of the will in state court. Keith Martin, of the Payne & Jones law firm, represented plaintiff. *See id.* ¶¶ 15–19. Robert Lytle had been Brodbeck's attorney and he represented the will proponents, James and Hart, in the will contest proceeding. Lytle withdrew from that representation, however, because it became clear that he was a potential witness. *See id.* ¶ 94. After Lytle withdrew, Fred Logan represented James and Hart in the will contest proceeding. Logan filed a motion for summary judgment on behalf of his clients. Lytle, James, Hart and others submitted affidavits in support of the motion. *See id.* ¶ 20. On September 13, 1994, Judge Sam K. Bruner of the District Court of Johnson County sustained the motion. *See Hall v. James (In re Estate of Brodbeck)*, 22 Kan. App.2d 229, 231, 915 P.2d 145, 148 (1996). Judge Bruner allowed Logan to prepare a journal entry of summary judgment. Plaintiff appealed the ruling and the Court of Appeals of Kansas affirmed. *See id.* at 229, 915 P.2d at 145. On June 12, 1996, The Kansas Supreme Court denied review. *See id.* In late 1996, Judge Bruner awarded Logan attorney fees from the estate, and Logan withdrew from his representation of James and Hart. *See* memorandum of law at 19–20.

Plaintiff alleges that defendants submitted the affidavits in the will contest proceeding in bad faith because nearly all of the affidavits had been notarized by an employee in Lytle's office and Lytle misrepresented certain facts in his affidavit. *See Amended Complaint* ¶¶ 20–22, 95. Plaintiff contends that Lytle, Logan, James and Hart conspired to end the will contest proceeding by summary judgment and that the Kansas courts erred by their reliance on the affidavits. *See id.* ¶¶ 101–04, 106. Plaintiff also claims that Logan improperly petitioned the district court for fees without notice to plaintiff and without a hearing. *See* memorandum of law at 19–20.

Brodbeck's non-probate estate included a certificate of deposit (CD) which was payable on death to plaintiff. *See id.* at 17. The Brodbeck will contained an *in terrorem* clause which provided that if any beneficiary challenged the will, the beneficiary would lose all interest in Brodbeck's property whether such property passed under the will or otherwise. *See id.* Based on this clause, James and Hart challenged Hall's ownership of the CD. *See id.* at 18. On April 29, 1994, Valley View State Bank (which held the proceeds of the CD) sued Hall, James and Hart in a state court interpleader action. *See id.* On March 8, 1995, Judge Lawrence Sheppard of the District Court of Johnson County, Kansas ruled in plaintiff's favor. James and Hart did not appeal. *Id.*

Based on the *in terrorem* clause and the fact that James and Hart had challenged plaintiff's ownership of the CD, plaintiff asked Judge Bruner to find that James and Hart take nothing under the will. *See id.* at 18–19. Lytle represented James and Hart in this proceeding. On February 11, 1997, Judge Bruner ruled in favor of James and Hart. *See id.* Judge Bruner asked Lytle to prepare the journal entry. Plaintiff appealed the decision and the Court of Appeals of Kansas affirmed. *See In re Estate of Brodbeck,* 975 P.2d 281 (Kan.Ct.App.1998). On March 16, 1999, the Kansas Supreme Court denied review. *See id.* Plaintiff alleges that Lytle conspired with Judge Bruner to deny plaintiff's rights by preparing the journal entry. Plaintiff also alleges that during the

appeal, Lytle improperly referred to his own affidavit from the prior proceeding. *See* memorandum of law at 18–20, 22–23.

In her amended complaint, plaintiff asserts state law fraud and collusion claims against Lytle, Logan, James and Hart. In her memorandum of law, plaintiff also claims that said defendants acted unlawfully under 42 U.S.C. §§ 1983, 1985(2) and 1985(3).

On August 20, 1999, this Court sustained Logan's motion to dismiss plaintiff's state law claim for fraud and collusion for failure to comply with Rule 9(b), Fed.R.Civ.P. *See Memorandum And Order And Order To Show Cause* (Doc. # 61) filed August 20, 1999 at 4. In the same order, the Court directed plaintiff to show cause in writing on or before August 31, 1999 why her fraud and collusion (conspiracy) claims against James, Hart and Lytle should not be dismissed for failure to comply with Rule 9(b), Fed. R. Civ. P and for lack of subject matter jurisdiction, and why her due process claim against James, Hart, Lytle and Logan should not also be dismissed for lack of subject matter jurisdiction. *See id.* at 4–7. On August 20, 1999, the Court also sustained the motion to dismiss of Mark Beam–Ward and Hill, Beam–Ward & Kruse, L.L.C., but granted plaintiff leave to file a second amended complaint on or before August 31, 1999. *See Memorandum And Order* (Doc. # 60) filed August 20, 1999 at 4.

On August 30, 1999, plaintiff requested an extension of time until September 14, 1999 to respond to the Court's orders of August 20. On September 13, 1999, plaintiff requested an indefinite extension of time to respond to those orders. On October 25, 1999, before the Court had ruled on plaintiff's motions for extensions of time, plaintiff filed her response to the Court's order to show cause. To date, however, plaintiff has not filed a second amended complaint.

### *Legal Standards*

The Court affords a pro se plaintiff some leniency and must liberally construe the complaint. *See Oltremari v. Kansas Soc. & Rehabilitative Servs.,* 871 F.Supp. 1331, 1333 (D.Kan.1994). While pro se complaints are held to less stringent standards than pleadings drafted by lawyers, pro se litigants

must follow the same procedural rules as other litigants. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992). The Court may not assume the role of advocate for a pro se litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

### *Analysis*

**I. Plaintiff's Motion For Extension Of Time To Respond To Order To Show Cause And To File An Amended Complaint (Doc. # 63) filed August 30, 1999**

Plaintiff asks the Court to extend to September 14, 1999 her deadline to respond to the order to show cause and to file a second amended complaint. Defendants have not filed any opposition to plaintiff's request. Under D. Kan. Rule 7.4, if the non-moving party fails to file a response within the time required, the motion will be considered and decided as uncontested, and ordinarily will be granted without further notice. Accordingly, the Court sustains plaintiff's motion to extend to September 14, 1999 her deadline to respond to the Court's orders.

**II. Plaintiff's Motion For Extension Of Time To Respond To Order To Show Cause, To File An Amended Complaint, And Motion To Order Defendants Martin and Beam–Ward to Send Plaintiff's File To Her (Doc. # 65) filed September 13, 1999**

Plaintiff also requested an indefinite extension of time to respond to the Court's orders. Defendant Beam–Ward opposes plaintiff's request to extend the time to file a second amended complaint. Plaintiff claims that Beam–Ward has not sent plaintiff's file to her and that she needs the file to prepare her second amended complaint. Beam–Ward represents that except for his notes, he has produced plaintiff's file to her. Plaintiff acknowledges that she has received the file.

*See Memorandum In Support of Motion To Deny Motion To Dismiss Civil Rights And Fraud Claim By Defendants Keith Martin And Payne & Jones And Seeking Permission To Amend Complaint* (Doc. # 83) filed December 27, 1999 at 1.

In her briefing of defendants' motion to dismiss, plaintiff offered to amend her complaint. *See Memorandum In Support Of Motion To Deny Motion To Dismiss By Defendants Mark Beam–Ward and Hill, Beam–Ward, and Kruse, L.L.C.* (Doc. # 34) filed June 14, 1999, at 4. To date, however, plaintiff has not filed an amended complaint which addresses the deficiencies which the Court noted. Plaintiff now has the information necessary to prepare an amended complaint against Mark Beam–Ward and Hill, Beam–Ward & Kruse, L.L.C. In these circumstances, the Court sustains plaintiff's request to extend the time to file an amended complaint against said defendants. *See* Fed. R.Civ.P. 15(a) (leave to amend shall be freely given when justice so requires). Plaintiff is granted leave to file an amended complaint against Mark Beam–Ward and Hill, Beam–Ward & Kruse, L.L.C. on or before January 26, 2000.[1]

Lytle, Logan, James and Hart have not filed any opposition to plaintiff's request for an extension of time. Under D. Kan. Rule 7.4, if the non-moving party fails to file a response within the time required, the motion will be considered and decided as uncontested, and ordinarily will be granted without further notice. Although plaintiff did not comply with the consultation requirement of D. Kan. Rule 6.1(a) and did not specify a proposed deadline for filing her response, the Court will sustain her motion in the absence of an objection. Thus the Court will consider plaintiff's *Memoranda Of Law Showing Cause Why Federal Claims Of Denial Of Constitutional Rights Against Defendants Ruth James, Dwight Hart, Fred Logan, and Robert Lytle Should Not Be Dismissed For*

---

1. The Court notes that plaintiff also recently requested leave to amend her complaint against Martin, the Payne & Jones law firm, Lytle, Logan, James and Hart. *See Motion By Plaintiff Hall To Deny Defendants Keith Martin And Payne And Jones Motion To Dismiss And Permission To Amend Pleadings Pursuant To F.R.C.P. 15(a) And*

*Order Defendants To Produce Phone Records* (Doc. # 82) filed December 27, 1999. That motion is not fully briefed at this time. Accordingly, plaintiff is granted leave to amend her complaint before January 26, 2000 only with respect to the allegations against Mark Beam–Ward and Hill, Beam–Ward & Kruse, L.L.C.

*Lack Of Subject Matter Jurisdiction* (Doc. # 68) filed October 25, 1999.

### III. Order To Show Cause Based On The *Rooker–Feldman* Doctrine

■ As explained above, the Court directed plaintiff to show cause in writing why her due process, fraud and collusion (conspiracy) claims against James, Hart and Lytle should not be dismissed for lack of subject matter jurisdiction, and why her due process claim against Logan should not be dismissed for the same reason. "It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review." *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir.1986). The *Rooker–Feldman* doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Generally, jurisdiction to review state-court decisions lies exclusively with appellate state courts and, ultimately, the United States Supreme Court. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir.1991). The *Rooker–Feldman* doctrine bars consideration of issues actually presented to and decided by a state court, and also bars consideration of constitutional claims that are "inextricably intertwined" with issues the state court ruled upon. *See id.; Feldman*, 460 U.S. at 486, 103 S.Ct. 1303 ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation omitted). "[A] federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). In other words, plaintiff may only pursue claims that are "separable from and collateral to" a state court judgment. *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1170 (10th Cir.1998) (citing *Pennzoil, supra*).

■ Plaintiff has not alleged any facts which show that her claim against Logan, Lytle, James and Hart is "separable from and collateral to" the state court decisions. Plaintiff claims that the Kansas district courts, the Kansas Court of Appeals and the Kansas Supreme Court all erred in their reliance on affidavits which defendants submitted in support of a motion for summary judgment. Plaintiff also argues that Logan and Lytle acted improperly in preparing journal entries at the request of judges in state district court and that Logan improperly petitioned the district court for fees without notice to plaintiff and without a hearing. Without a factual finding that the state district court erroneously entered summary judgment against plaintiff, that the state district court erroneously directed counsel to prepare journal entries, that the state district court erroneously granted attorneys' fees to Logan, and that the Court of Appeals of Kansas erred in deciding plaintiff's appeals, the Court cannot envision how plaintiff can obtain federal relief on her due process, fraud and collusion claims against Logan, Lytle, Hart and James. Indeed, in support of her claims, plaintiff argues numerous times that the various state court decisions were erroneous. *See, e.g.,* plaintiff's memorandum of law (Doc. # 68) filed October 25, 1999, at 1, 3, 6–7, 10–13, 15–17, 24–26, 30, 32, 34–39. The injury which plaintiff alleges stems directly from the decisions of the Kansas state courts. Her claims against Logan, Lytle, James and Hart are nothing more than a naked attempt to relitigate issues previously litigated in state court. Thus, the Court lacks jurisdiction over plaintiff's claims. *See Feldman*, 460 U.S. at 482, 103 S.Ct. 1303; *Rooker*, 263 U.S. at 414–16, 44 S.Ct. 149. To the extent that plaintiff seeks to challenge the state court rulings on constitutional grounds, her only potential judicial remedy is with the United States Supreme

Court. *See Feldman,* 460 U.S. at 482, 103 S.Ct. 1303.

 In her memorandum of law, but not in her amended complaint, plaintiff attempts to allege malicious prosecution claims under Section 1983 against Logan, James and Hart based on the interpleader action to determine ownership of the CD. *See* plaintiff's memorandum of law (Doc. # 68) filed October 25, 1999 at 27–28. As an initial matter, as noted, plaintiff has not included such a claim in her amended complaint. Even if plaintiff had done so, the Court would not have subject matter jurisdiction over that claim. To establish a Section 1983 claim for malicious prosecution, plaintiff must first make a showing on each of the elements of a state law claim for malicious prosecution. *See Fillmore v. Ordonez,* 829 F.Supp. 1544, 1561 (D.Kan.1993), *aff'd,* 17 F.3d 1436 (10th Cir.1994). The elements of a malicious prosecution claim in Kansas are that (1) defendant initiated, continued, or procured civil or criminal proceedings against plaintiff; (2) in doing so, defendant acted without probable cause; (3) defendant acted with malice; (4) the proceeding terminated in favor of plaintiff; and (5) plaintiff sustained damages as a result. *Id.; see Lindenman v. Umscheid,* 255 Kan. 610, 624, 875 P.2d 964, 974 (1994). In addition to showing the state law elements, in order for malicious prosecution claims to succeed as federal ones, courts have also required plaintiffs to demonstrate a misuse of legal procedure so egregious as to subject the aggrieved person to a deprivation of "constitutional dimension." *Fillmore,* 829 F.Supp. at 1561; *see Anthony v. Baker,* 767 F.2d 657, 662–63 (10th Cir.1985); *Norton v. Liddel,* 620 F.2d 1375, 1378–79 (10th Cir. 1980).

 As with plaintiff's other claims, the *Rooker–Feldman* doctrine deprives the Court of jurisdiction to hear plaintiff's malicious prosecution claim. Plaintiff argues that Judge Bruner and the Court of Appeals of Kansas erred by not finding that James and Hart lacked probable cause to contest plaintiff's ownership of the CD. *See* memorandum of law at 22. Plaintiff relies on the theory that Judge Sheppard implicitly found that Hart and James lacked probable cause to challenge plaintiff's ownership of the CD because he required them to pay the bank's attorneys' fees. The Kansas Court of Appeals, however, specifically rejected plaintiff's theory. The court stated:

> ... the district court in the interpleader action made no explicit finding of whether James or Hart acted with probable cause. The order for payment of attorney fees was based more upon the court's desire not to deplete the account with this expense, rather than as a sanction against James and Hart for asserting a frivolous claim. This cannot be reasonably interpreted as a finding that James and Hart lacked probable cause. Thus, the assignment of fees in the interpleader action is not relevant to the issue on appeal.
>
> We conclude that James and Hart acted with probable cause in contesting the payout of the POD account.

Memorandum Opinion filed December 31, 1998 at 8–9. Plaintiff's federal claim for malicious prosecution may succeed only to the extent that the state court wrongly decided the issue before it. *See Pennzoil,* 481 U.S. at 25, 107 S.Ct. 1519. Thus the Court does not have subject matter jurisdiction over the claim.[2]

For these reasons, the Court dismisses plaintiff's claims against Logan, Lytle, James and Hart for lack of subject matter jurisdiction.[3]

---

2. Even if the Court had jurisdiction over plaintiff's unpled malicious prosecution claim under Section 1983, the Court would deny plaintiff leave to amend based on the present record because the amendment would be futile. Plaintiff has not properly alleged that defendants, opposing counsel and parties in the state court litigation, acted under color of law. Moreover, the Kansas Court of Appeals decision would likely bar plaintiff's claim under principles of collateral estoppel or res judicata.

3. The Court previously dismissed plaintiff's fraud and collusion claim against Logan for failure to comply with Rule 9(b). *See Memorandum And Order And Order To Show Cause* (Doc. # 61) filed Aug. 20, 1999, at 4. The Court directed plaintiff to show cause why her fraud and collusion claims against Lytle, Hart and James should not also be dismissed for failure to comply with Rule 9(b). *See id.* at 4 n. 4 & 5. Plaintiff has not addressed this issue in her memorandum to show cause. Accordingly, the Court dismisses

## IV. Plaintiff's Motion For Costs Against Defendants Martin And Beam–Ward (Doc. # 67) filed October 25, 1999

Pursuant to Rule 4(d), Fed.R.Civ.P., plaintiff requests that the Court award her costs incurred to obtain service on defendants Martin and Beam–Ward based on their failure to waive service by mail. Neither defendant objects to plaintiff's request. Accordingly, plaintiff's motion is sustained.

## V. Plaintiff's Motion To Continue The Scheduling Conference (Doc. # 41) filed June 30, 1999

The Court originally set a scheduling conference for July 26, 1999 at 11:00 a.m. *See Order* (Doc. # 37) filed June 15, 1999. Plaintiff requested an indefinite continuance of the conference because of several pending motions. The Court has now ruled on all of the motions which were pending at the time of plaintiff's request. Thus plaintiff's motion is now moot. The Court finds that a scheduling conference is now necessary and a scheduling conference is hereby set for February 14, 2000 at 1:30 p.m.

## VI. Plaintiff's Motion For Extension Of Time To Respond To Motions To Dismiss And Responses To Memoranda Of Law (Doc. # 80) filed November 29, 1999

Lytle, James and Hart filed motions to dismiss and responded to plaintiff's response to the order to show cause. Plaintiff requests an extension of time to respond on these matters. Plaintiff is not entitled to file another brief in response to the order to show cause. Moreover, plaintiff has not shown that such a brief would be necessary or helpful. The Court finds that further briefing by plaintiff would be futile and a waste of the parties' resources. Based on the Court's ruling that it lacks subject matter jurisdiction over the claims against Lytle, James and Hart, the motions to dismiss by those defendants are moot. Accordingly,

plaintiff's motion for an extension of time is overruled with respect to the motions to dismiss and the responses to plaintiff's memorandum which Lytle, James and Hart have filed in this case. The Court will therefore disregard plaintiff's untimely *Response to Lytle's, Logan's, James', And Hart's Motion To Dismiss And Their Responses To Hall's Memorandum Of Law Showing Cause* (Doc. # 85) filed December 27, 1999.

Plaintiff also requests an extension of time to respond to the motion to dismiss filed by Martin and Payne & Jones. The Court finds that a brief extension of time is warranted. On or before December 27, 1999, plaintiff may file an opposition brief to the *Motion of Defendants Martin and Payne & Jones Chartered To Dismiss Civil Rights And Fraud Claims* (Doc. # 76) filed November 23, 1999.[4]

**IT IS THEREFORE ORDERED** that plaintiff's *Motion For Enlargement Of Time For Scheduling Conference And F.R.Civ.P. 6(F) Meeting And Service Of Discovery Material* (Doc. # 41) filed June 30, 1999, is **MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's *Motion For Enlargement Of Time For Responding To The Honorable Kathryn Vratil's Orders Of August 20, 1999, Granting Permission to File An Amended Complaint And Ordering The Plaintiff To Show Cause Why This Court Has Subject Matter Jurisdiction Of Claims Against James, Hart, Lytle and Logan* (Doc. # 63) filed August 30, 1999, be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that *Plaintiff's Motion For Enlargement Of Time For Responding To The Honorable Kathryn H. Vratil's Orders Of August 20, 1999, Granting Permission to File An Amended Complaint And Ordering The Plaintiff To Show Cause Why This Court Has Subject Matter Jurisdiction Of Claims Against James, Hart, Lytle and Logan And Request For Court Order*

plaintiff's fraud and collusion claims based on this ground as well as the *Rooker–Feldman* doctrine discussed above.

**4.** Plaintiff already has filed her opposition brief. *See Memorandum In Support Of Motion To Deny*

*Motion To Dismiss Civil Rights And Fraud Claims By Defendants Keith Martin And Payne & Jones And Seeking Permission To Amend Complaint* (Doc. # 83) filed December 27, 1999.

*Making Parties Keith Martin And Mark–Beam Send Hall's File To Her* (Doc. # 65) filed September 13, 1999, be and hereby is **SUSTAINED.** Plaintiff is granted leave to file an amended complaint against Mark Beam–Ward and Hill, Beam–Ward & Kruse, L.L.C. on or before January 26, 2000.

**IT IS FURTHER ORDERED** that plaintiff's *Motion For Costs Under F.R.Civ.Pr. 4 Against Defendants Keith Martin And Mark Beam–Ward* (Doc. # 67) filed October 25, 1999, be and hereby is **SUSTAINED.** On or before January 21, 2000, defendants Martin and Beam–Ward shall each pay plaintiff $55.00 for her service costs. On or before January 26, 2000, Martin and Beam–Ward shall file a certificate of payment with the Court.

**IT IS FURTHER ORDERED** that plaintiff's *Request For Time Extension To Respond To Motions To Dismiss And Responses To Memoranda Of Law* (Doc. # 80) filed November 29, 1999, be and hereby is **SUSTAINED** in part and **OVERRULED** in part. Plaintiff may file an opposition brief to the *Motion of Defendants Martin and Payne & Jones Chartered To Dismiss Civil Rights And Fraud Claims* (Doc. # 76) filed November 23, 1999, on or before December 27, 1999. Plaintiff's motion is otherwise overruled.

**IT IS FURTHER ORDERED** that plaintiff's due process claims against James, Hart, Lytle and Logan be dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, and that plaintiff's fraud and collusion (conspiracy) claims against James, Hart and Lytle be dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine and failure to comply with Rule 9(b), Fed.R.Civ.P. All claims against James, Hart, Lytle and Logan have therefore been dismissed.

**IT IS FURTHER ORDERED** that the *Motion Of Defendant Robert Lytle To Dismiss* (Doc. # 71) filed November 17, 1999 and the *Motion To Dismiss Claims Against Defendants Hart and James* (Doc. # 73) filed November 19, 1999, be and hereby are **OVERRULED** as moot.