BRISCOE, Circuit Judge, concurring:
I concur in the majority’s ruling that the Rooker-Feldman doctrine precludes further litigation against Judge Klein and Judge Hass in federal court. I write separately because I disagree with the majority’s decision not to decide whether to apply the Rooker-Feldman doctrine to the claims against Shawna Dunn and Shannon Davis. In my view, the Rooker-Feldman doctrine clearly applies to these claims and, as jurisdiction is a threshold issue, I would decide the case on Rooker-Feldman grounds.
The Rooker-Feldman doctrine bars consideration by federal courts of claims that are “inextricably intertwined” with state court judgments. Fació v. Jones, 929 F.2d 541., 543 (10th Cir.1991). Evaluating Read’s claim for damages against Dunn and Davis would require the federal district court to determine whether the state court had entered a default judgment against Read without adequate notice. The federal court would thus be evaluating whether the state court’s decision that notice was proper was correct. This is the sort of collateral review of state court decisions that is barred by the Rooker-Feld-man doctrine. See Anderson v. Colorado, 793 F.2d 262, 264 (10th Cir.1986). I would, therefore, also dismiss the claims against Dunn and Davis for lack of jurisdiction.