FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 31, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

RANDY EISENHART,

    Plaintiff - Appellant,

v.

EAGLE COUNTY SHERIFF'S OFFICE;
JAMES VAN BEEK; DISTRICT COURT
IN AND FOR THE FIFTH JUDICIAL
DISTRICT; CHATFIELD CORNERS
METROPOLITAN DISTRICT;
HARRIMAN & STRONG
ENTERPRISES, LLC; JARED POLIS,

    Defendants - Appellees.

No. 23-1275
(D.C. No. 1:21-CV-00856-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Randy Eisenhart appeals the district court's dismissal of his complaint for lack of

subject matter jurisdiction under the *Rooker-Feldman* doctrine.  Because Mr. Eisenhart

asked the district court to review and reject a Colorado state court judgment, *Rooker-*

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

*Feldman* bars review of his claims.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I.  BACKGROUND

### A.  *Factual History*[2]

Mr. Eisenhart owned a residential property in Colorado.  It was located within Chatfield Corners Metropolitan District ("Chatfield"), "a quasi-municipal corporation and a political subdivision of the State of Colorado . . . with the power to assess and levy property taxes."  App., Vol. 1 at 18.

Chatfield sued Mr. Eisenhart in Colorado state court, seeking a money judgment and foreclosure based on "an outstanding assessment of $293."  *Id.* at 20.  Chatfield filed a certification of service, signed by an Eagle County Sheriff's Office ("ECSO") deputy and certified by Eagle County Sheriff James Van Beek.

---

[1] The district court dismissed Mr. Eisenhart's complaint without prejudice. "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).  "A final determination of lack of subject-matter jurisdiction of a case in a federal court . . . precludes further adjudication of it," *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992), so the district court's dismissal is an appealable final judgment.

[2] This factual history derives from the allegations in Mr. Eisenhart's Amended Complaint and the attached exhibits.  *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) (noting that we "accept[] as true all well-pleaded factual allegations in the complaint" on an appeal from a motion to dismiss and "may consider not only the complaint, but also the attached exhibits").

Mr. Eisenhart did not respond, and Chatfield moved for default judgment and a decree of foreclosure. The state court granted Chatfield's motion. Chatfield "commenced a foreclosure sale," and while the sale was pending, it assigned its interest in the judgment and decree to Harriman & Strong Enterprises, LLC ("Harriman"). *Id.* at 210. Harriman substituted for Chatfield in the foreclosure case.

Mr. Eisenhart moved to set aside the default judgment, which the state court denied. He then moved for reconsideration, which the state court granted. Mr. Eisenhart argued on reconsideration that he was not properly served in the foreclosure case. After an evidentiary hearing, the state court found proper service and granted Harriman possession of the property and damages.

Mr. Eisenhart appealed, and the Colorado Court of Appeals affirmed. He petitioned the Colorado Supreme Court for a writ of certiorari, which it denied.

## B. *Procedural History*

Mr. Eisenhart sued the ECSO, Sheriff Van Beek, the state court, Chatfield, Harriman, and Colorado Governor Jared Polis (collectively, "Appellees") in the United States District Court for the District of Colorado. He "s[ought] vindication of rights, damages, [and] injunctive and declaratory relief," alleging that Appellees violated his Fifth and Fourteenth Amendment due process and equal protection rights by adjudicating and enforcing the state court judgments without proper service. *Id.* at 14; *see also id.* at 35-41. He specifically sought a "[d]eclaratory judgment that the orders of the State . . . Court and Colorado Court of Appeals were unconstitutional, lacked personal jurisdiction, and [we]re thus void, by operation of law." *Id.* at 52. Chatfield, the ECSO, and Sheriff

3

Van Beek moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing the *Rooker-Feldman* doctrine barred federal court review of Mr. Eisenhart's claims.

The district court granted the motions and dismissed Mr. Eisenhart's complaint for lack of subject matter jurisdiction.[3]

Mr. Eisenhart timely appealed.

## II. DISCUSSION

### A. *Standard of Review*

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction. *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007).

### B. *Legal Background*

"The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over state-court judgments." *Millard v. Camper*, 971 F.3d 1174, 1186 (10th Cir. 2020). It "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* bars federal suits when "the injury . . . complained of was caused by the [state court] judgment," *Campbell v. City of Spencer*, 682 F.3d 1278, 1284

---

[3] Chatfield, the ECSO, Sheriff Van Beek, and Harriman also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because the district court dismissed for lack of subject matter jurisdiction, it did not address the Rule 12(b)(6) issue, and neither do we.

(10th Cir. 2012), or "the *relief sought* in the federal action would . . . reverse or undo the *relief granted* by the state court," *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006).  And if the district court cannot "grant[] relief without reexamining the state-court judgments," it "lack[s] jurisdiction."  *Millard*, 971 F.3d at 1186.  In sum, "[w]hat *is* prohibited under *Rooker-Feldman* is a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment."  *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018).

*Rooker-Feldman* thus bars federal court review of state court proceedings to determine whether the state court "reached its result in accordance with law," *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quotations omitted), or whether "the state judgment itself violate[d] the loser's federal rights," *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  "A plaintiff cannot circumvent *Rooker-Feldman* by framing his or her challenge to a state-court judgment as a due process claim."  *Millard*, 971 F.3d at 1186.

## C.  *Application*

Because "*Rooker-Feldman*'s jurisdictional bar is claim specific," *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 515 (10th Cir. 2023), we address each of Mr. Eisenhart's claims.  In each instance, Mr. Eisenhart sought to "reverse or undo" the state court's dismissal of his complaint, *Mo's Express*, 441 F.3d at 1237, and the district court "could not have granted [him] relief without reexamining the state-court judgments," *Millard*, 971 F.3d at 1186.  *Rooker-Feldman* thus bars federal review of his claims.

First, Mr. Eisenhart sought a declaratory judgment that Appellees violated his Fifth and Fourteenth Amendment rights by failing to properly serve him and that therefore "[a]ll of the orders issued by the State . . . Court . . . [we]re void." App., Vol. 1 at 36; *see id.* at 35-40. Because he "ask[ed] the [federal] district court to review and reject the state court judgment" that he was properly served, *Rooker-Feldman* bars this claim. *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023).

Second, Mr. Eisenhart brought Fifth and Fourteenth Amendment 42 U.S.C. § 1983 claims, alleging the state court unlawfully found for Harriman on the service issue. He sought a preliminary injunction enjoining Harriman's "ownership and possession" of the disputed property pending his federal court request for a declaratory judgment voiding the state court orders. App., Vol. 1 at 41. Mr. Eisenhart alleged that Harriman "deprived [him] of [his] property without due process," but "the deprivation of property . . . was the deprivation ordered by the state court." *Campbell*, 682 F.3d at 1284. Because "this claim has merit only if the state-court forfeiture order was unlawful on the record before that court," it was "properly dismissed under *Rooker-Feldman*." *Id.* at 1284-85.

Third, Mr. Eisenhart alleged three additional § 1983 violations. App., Vol. 1 at 41-49. He alleged that Appellees "acted in concert . . . to deny [him] procedural due process with a common goal of obtaining a default judgment and foreclosure" (Count 3), *id.* at 43; unconstitutionally deprived him of his property (Count 4), *id.* at 45; and violated his equal protection rights by "us[ing] . . . different standards in the administration of court procedures" (Count 5), *id.* at 48. Each of these claims "has merit only if the state-court forfeiture order was unlawful on the record before that court." *Campbell*, 682 F.3d

at 1285; *see Mann*, 477 F.3d at 1147 (holding *Rooker-Feldman* barred a plaintiff's "claims against . . . individual defendants"); *see also* Aplt. Br. at 27 (conceding "it may be true that without the State . . . Court's orders, little to no harm would have resulted to Mr. Eisenhart"). They were therefore properly dismissed under *Rooker-Feldman*.

Finally, Mr. Eisenhart "s[ought] review of the constitutionality of [Colorado Rules of Civil Procedure] 4(h) and 121, 1-14, as applied to [his] rights to due process of law and equal protection." App., Vol. 1 at 50. Mr. Eisenhart did not argue that the Colorado Rules are facially unconstitutional but instead challenged them "as applied" by the state court. *Id.* Mr. Eisenhart's as-applied challenge "complain[s] of injuries caused by state-court judgments." *Exxon Mobil*, 544 U.S. at 284. The federal district court "could not have granted relief without reexamining the state-court judgments." *Millard*, 971 F.3d at 1186. And finding the state court unconstitutionally applied the Colorado Rules would require the district court to "*modify* or *set aside* [the] state-court judgment." *Mayotte*, 880 F.3d at 1174; *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-15 (1923) (holding that a federal court could not review a claim alleging that a state court enforced a state statute in violation of due process); *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (holding that "[w]here a constitutional issue could have been reviewed . . . by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim" in federal court). *Rooker-Feldman* also bars review of this claim.

7

The district court therefore lacked subject matter jurisdiction over Mr. Eisenhart's claims.[4]

## III.  CONCLUSION

We affirm.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

---

[4] Harriman also asserts that Mr. "Eisenhart has never owned the claims . . . , since he filed a voluntary petition for Chapter 7 bankruptcy" and listed his claims as assets before filing the federal suit.  Harriman Br. at 5.  Because we affirm the district court's dismissal under *Rooker-Feldman*, we do not address this argument.