**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELIZABETH ATKINSON-BIRD,

      Plaintiff-Appellant,

v.

STATE OF UTAH, Division of Child
and Family Services; KATIE SLADE;
STEPHANIE MCNEIL; MERILEE
BOWCUTT; MICHELLE MOYES;
LORRAINE RUIZ; KEN
MCCAULEY; LISA JORGANSON;
LORI ANN HODGES; JAMIE
HAYDEN; CHERYL NEVILLE, in
their official individual capacities;
THIRD DISTRICT COURT, Salt
Lake City, State of Utah;
SHARON P. MCCULLY; ROBERT
YEATES, Juvenile Judges, acting in
their official individual capacities;
UTAH ATTORNEY GENERAL'S
OFFICE; JULIE LUND; JEANNIE
CAMPBELL, in their official
individual capacities; GUARDIAN
AD LITEM'S OFFICE; MARTHA
PIERCE; PENNY BRIEMAN;
CHRISTINE DECKER; FRANCES
REMILLARD, in their official
individual capacities,

      Defendants-Appellees.

No. 03-4085
(D.C. No. 2:02-CV-281-PGC)
(D. Utah)

---

**ORDER AND JUDGMENT** [*]

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Elizabeth Atkinson-Bird appeals from a district court order dismissing her pro se civil rights action for lack of jurisdiction pursuant to the *Rooker* -*Feldman* doctrine. [1] We review this determination de novo. *Kiowa Indian Tribe of Okla. v. Hoover* , 150 F.3d 1163, 1165 (10 th Cir. 1998). As explained below, we agree with the substance of the district court's analysis, differing only on a procedural point that is easily accommodated through a minor modification of the district court's judgment. As so modified, the judgment is affirmed.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The doctrine takes its name from the seminal decisions in *D.C. Court of Appeals v. Feldman* , 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.* , 263 U.S. 413 (1923).

The State of Utah terminated plaintiff's parental rights with respect to four of her children and placed her two remaining children in long-term foster care. Although her factual allegations are rather vague and conclusory, she evidently opposed the State's intervention on behalf of her victimized children by accusing their foster care givers and social workers of various wrongs, including abuse for which she was being called to answer. Failing in this effort to retain custody of her children by deflecting blame onto others in the state proceedings, she brought her allegations to federal court in the guise of this civil rights action. She sought damages from those involved in the state proceedings, but the focus of this action is on reversing the outcome of those proceedings. Her request for relief begins with: "The immediate return of ALL 6 of my children." R. Vol. I, doc. 3 at 7.

Outside habeas corpus, "federal review of state court judgments can be obtained only in the United States Supreme Court" and, thus, the *Rooker-Feldman* doctrine precludes a party who has lost a case in state court "from seeking what in substance would be appellate review" in federal district court. *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (quotations omitted). "This prohibition extends to all state-court decisions–final or otherwise," *id.* at 475, and covers not only claims actually decided by the state court but issues inextricably intertwined with such claims. *Id.* Further, "it is not necessary that the federal court action formally seek to invalidate the state judgment; it is enough if the

-3-

federal action would in substance defeat or negate a state judgment, for example, if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (quotation omitted) (holding *Rooker-Feldman* barred federal action attacking state custody decision on ground that presiding judge violated law); *Ballinger v. Culotta*, 322 F.3d 546, 549 (8th Cir. 2003) (holding *Rooker-Feldman* barred federal claim asserting child abuse to undermine state custody order).

The district court noted that "plaintiff's complaint directly asks this court to overturn state court child custody decisions," that "plaintiff asks for damages for matters that were found to be proper under state law," and that "to adjudicate plaintiff's claim would, of necessity, involve the court in relitigating the various child custody issues and, potentially, second-guessing state court decisions on these matters," contrary to *Rooker-Feldman*. R. Vol. II, doc. 52 at 4. The court's characterization of the case is borne out by a review of plaintiff's complaint and memorandum in opposition to the motion to dismiss. R. Vol. I, doc. 3; R. Vol. II, doc. 38. Its application of *Rooker-Feldman* adheres to the general principles cited above and is consistent with this court's treatment of similar cases involving child-custody and parental-rights determinations. *See, e.g., Roman-Nose v. N.M. Dep't of Human Serv.*, 967 F.2d 435, 437 (10th Cir. 1992); *Anderson v. Colo.*, 793 F.2d 262, 263 (10th Cir. 1986).

Plaintiff argues two points of error on appeal, neither of which has merit. First, she insists that application of *Rooker-Feldman* here was improper because federal civil rights actions against state officials are expressly authorized under 42 U.S.C. §§ 1983 and 1985. [2] It is well-settled, however, that an unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of *Rooker-Feldman* simply "'by bringing a constitutional claim under [the civil rights statutes].'" *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) (quoting *Anderson*, 793 F.2d at 263). Indeed, as the cases discussed herein reflect, the *Rooker-Feldman* doctrine is most frequently applied in the context of civil rights actions.

Her second contention is that she was entitled to a default judgment based on one defendant's failure to answer the complaint. Defendants argue that service was not properly effected. We need not delve into this matter. "No court may enter judgment on the merits–which a default judgment is–if it lacks jurisdiction." *Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1222 (7th Cir. 1991). Given the district court's holding that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine, which we have upheld, any question regarding plaintiff's entitlement to a default judgment is moot. *See Lundahl v. Zimmer*,

---

[2] Plaintiff's associated citation to 15 U.S.C. § 1125(a), which concerns certain trademark claims, is clearly inapposite.

296 F.3d 936, 938-39 (10 th Cir. 2002) (holding dismissal for lack of subject matter jurisdiction "necessarily rendered moot [plaintiff's] request for an order requiring the entry of . . . a default judgment"), *cert. denied*, 123 S. Ct. 1797 (2003).

Finally, we note there is one respect in which the district court's judgment is inconsistent with its jurisdictional rationale. "[O]nly judgments on the merits preclude parties from litigating the same cause of action in a subsequent suit;" a judgment for lack of jurisdiction only "precludes relitigation of the issue actually decided, namely the jurisdictional issue." *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000); *see also Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 (10 th Cir. 2001). Where the *Rooker-Feldman* doctrine applies, a federal court lacks jurisdiction to reach the merits and, thus, has no power but to dismiss the case without prejudice to refiling in state court, where the only issue decided by the federal court–its own jurisdiction–has no preclusive effect. *T.W. ex rel. Enk v. Brophy*, 124 F.3d 893, 898-99 (7 th Cir. 1997). Here, the district court indicated that its decision was without prejudice to any state law claims plaintiff might pursue in state court, but it dismissed the complaint "with prejudice with respect to federal claims." R. Vol. II, doc. 52 at 5. There is no basis for discriminating between federal and state claims in this way under the *Rooker-Feldman* doctrine. As explained above, the jurisdictional deficiency here

derives from a structural limitation on the power of lower federal courts to review state court decisions; it does not turn on the particular legal grounds on which a party attempts to obtain such review. [3]

The problem, however, is easily corrected with a minor modification of the district court's judgment. All of plaintiff's claims, whether they derive from state or federal law, shall be dismissed without prejudice to refiling in state court. In keeping with the jurisdictional principles just discussed, however, we note there is one respect in which the disposition of this case is still "prejudicial," in the sense that it operates as a limitation on subsequent litigation by the plaintiff. And this may be what the district court meant to express: Any attempt by plaintiff to refile this case in federal court will be conclusively barred by the jurisdictional ruling we affirm here. *See Matosantos Commercial Corp* ., 245 F.3d at 1210 ("[W]here there has been an adjudication on the merits of a jurisdictional *issue* and a determination that there is no federal jurisdiction, the doctrine of [collateral

---

[3]     Indeed, if application of the *Rooker-Feldman* doctrine depended on whether the claims challenging a state court judgment rested on federal or state grounds, the presence of mixed claims would not result in a dismissal of the federal case that was partially prejudicial and partially non-prejudicial. Rather, dismissal of the entire case–with or without prejudice–would be improper, as federal review would proceed with respect to any challenges resting on the legal source deemed outside the scope of the doctrine. Again, there is no authority for the notion that application of the *Rooker-Feldman* doctrine depends on whether federal review of a state court judgment is sought on federal or state law grounds.

estoppel] precludes a subsequent relitigation of the same jurisdictional *issue* between the same parties." (quotation omitted and emphasis added)).

The district court's judgment is MODIFIED to reflect that the dismissal of any and all claims asserted in this action is without prejudice, and as so modified the judgment is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge